CONRAD HARTZELL, Plaintiff in Error, *v.* JOHN SAUNDERS AND
RICHARD SAUNDERS, Defendants in Error.

1. *Bailments — Innkeeper — Contract — Consideration — Lien.*—A., who was
an innkeeper, held the baggage of B. to satisfy a board-bill. C., also an inn-
keeper, agreed with A. to board B. for a certain time in consideration of the
promise of A. to retain the baggage as security for the latter's bill. The bag-
gage was released without the payment of the bill. In suit for the amount
thereof by C. against A., *held,* that although no benefit might be derived by
A. from the agreement, yet the injury received by C. from failure to perform
it was a sufficient consideration to support the promise of A.; that the trans-
action might be considered as in the nature of a voluntary bailment, and of an
agreement to enable B. to obtain credit; that in either case the consideration
was sufficient; that A. was liable to C. for releasing the baggage.

*Error to Buchanan Court of Common Pleas.*

*T. A. & A. Green,* for plaintiff in error.

The trust and confidence shown in this case were a sufficient
consideration. If a man makes a gratuitous promise, and enters
upon the performance of it, he is held to a full execution of all he
has undertaken. (1 Pars. Cont. 372–3, § 8.)

*Vories & Vories,* for defendants in error.

There was no consideration to support the promise of defend-
ants, even if any such were made. The language of the law is
universal as to consideration, that " if loss or disadvantage accrues
to him to whom the promise is made, and accrues at the request
or on the motion of the promisor, although without benefit to the
promisor, the consideration is sufficient to sustain assumpsit."
But in this case it was at the request of plaintiff that defendants
promised, if at all; and plaintiff, as shown by the evidence, took
Irwin to board days before the pretended promise was made. It
does not appear that the promise induced plaintiff to board him,
and the proof shows that plaintiff requested defendants to retain
the trunks. Hence there is in this case not a single element
required to make up a consideration. This is not a case where
there is a gratuitous or voluntary bailment, and defendants entered

upon the discharge of the duty to the damage of plaintiff. Plaintiff never had possession of the trunks; did not deliver them to defendants, but only retained possession just as they had it before.

BLISS, Judge, delivered the opinion of the court.

The plaintiff was an innkeeper in St. Joseph, and charges that defendants, who were also innkeepers, held certain baggage belonging to one Irwin as security for the payment of a hotel-bill due them; that said Irwin applied to plaintiff for board for himself and wife, and promised to give him a lien on said baggage, subject to defendants' lien; that they called upon the defendants, who agreed to hold the baggage until their own and the debt due the plaintiff for board, etc., should be paid; but that, in violation of said agreement, they surrendered said baggage to said Irwin, in consequence of which the plaintiff lost the amount due him for keeping said Irwin and wife at his inn. The answer denies the agreement; the testimony was contradictory; the plaintiff failed to recover judgment, and now charges that the following errors were committed upon the trial:

1. He offered in evidence a letter from said Irwin to him, which was rejected as hearsay. The plaintiff had no right to this letter as against the defendants. Irwin was a witness, acknowledged the debt to plaintiff, and his letter was not offered to contradict his testimony, but to establish the plaintiff's claim. It came clearly within the category of inadmissible hearsay testimoy, and was properly rejected.

2. The plaintiff asked an instruction directing a verdict in his favor if the facts were found as claimed by him, which the court refused to give. Even if the plaintiff's general view was correct, the instruction was vicious, inasmuch as all the necessary facts were not included, and it submitted a question of law to the jury, to-wit: whether the parties held a lien upon the trunks. It does not, however, seem to have been refused upon these grounds, but the court held the alleged promise of defendants to be a *nude pact* and not obligatory. This view of the court clearly appears in the instructions given at the instance of the defendants, and, if correct, the judgment should be affirmed.

Hartzell v. Saunders et al.

The pleading shows that the plaintiff trusted Irwin in consequence of defendants' promise to hold the property to his use, and he testifies that he refused to receive Irwin at his inn until he gave up to him the Saunders house checks for the baggage; that a few days afterward they went together to the Saunders house, exhibited the checks in plaintiff's possession, and inspected the baggage when the alleged promise was made; and that the plaintiff continued to board Irwin and wife on the strength of it, holding on to the checks. This testimony was contradicted in part by defendants and by Irwin, but its truth or falsity does not now concern us, the only question being whether such a promise, if made, was founded upon a sufficient consideration.

The defendants derived no benefit from making the promise, but did not the plaintiff receive an injury from trusting to it? and did not that injury arise from and grow out of the promise? Suppose Irwin had unconditionally sold the baggage to the plaintiff, and that defendants, on being notified of the sale, promised to hold it for him after the lien was satisfied; in that case would they not become depositaries as truly as though the plaintiff had placed the property in their hands? Their present supposed relation to the property is not precisely that of a depositary, but is analogous to it. At the request of the owner and the plaintiff they agreed to hold it until the claim of the latter was satisfied. This was founded on the supposition that the plaintiff held and was to hold a valid claim by virtue of an agreement with Irwin. The transaction partakes of the nature of a voluntary bailment, and of an agreement to enable Irwin to obtain a credit. In either case the consideration is sufficient, and the view of the court was erroneous. When their own bill was paid, if the defendants were unwilling to hold the property longer, they should have notified the plaintiff to take it away; and, without having done so, had no right to forward it to Irwin.

The judgment of the Court of Common Pleas will be reversed and the cause remanded for a new trial. Judge Wagner concurs. Judge Adams absent.