LONG v. DISMER AND McENTEE, *Appellants.*

**Negotiable Note:** INDORSER'S LIABILITY : WAIVER OF RELEASE.   An
indorser of a negotiable note, who was ignorant of the fact that
presentment and demand of payment had not been made in time,
being informed by the holder that perhaps he was released from his
indorsement, and asked whether, if that were the case, he would
take advantage of it, refused to answer the question, but subse-
quently offered to pay a less amount in full settlement of the de-
mand ;   *Held,* that he had not waived his release.

*Appeal   from   Phelps   Circuit   Court.*— HON.   V.   B.   HILL,
Judge.

REVERSED.

The note sued on was for $132.87.

*L. F. Parker* for appellants.

*C. C. Bland* for respondent.

SHERWOOD, C. J.—McEntee was the payee and indorser of a negotiable promissory note. No demand of payment had been made of the makers. Several days after the note fell due, Richardson, the then holder, states that he called on the indorser and told him that the Dismer note had not been paid, and asked him how about it, when McEntee told him " to go and collect the note of the makers, that the note was good;" that, thereupon, Richardson informed him that payment had not been demanded of the makers, and he said " that made no difference, that did not release him." Richardson further states that he told ;McEntee that Baker had said that he, McEntee, was released, and asked him if he would take advantage of it, if it should turn out that he was released by failure to make demand of Dismer, when McEntee said : " I refuse to answer that question." McEntee's testimony is in most respects like that of Richardson, but he says that at the time of the interview referred to, he did not know that he was released, and did not promise to pay the note. Long, the plaintiff, testified that McEntee offered to give him $100 for the note, payable in three months. This McEntee denied, but stated he had asked Long, by way of compromise, if he would take $75 for the note. This was all the evidence. The instructions for the plaintiff are not preserved, but defendant, McEntee, was refused an instruction in the nature of a demurrer to the evidence. This instruction was improperly refused.

The authorities agree that if the proper steps are not taken to fix the indorser, and thus convert his conditional liability into an absolute engagement, he is discharged, unless with full knowledge of all the facts of his release, he

promises to pay the debt, or does acts from which such promise can be clearly and unmistakably inferred. 1 Parsons' Notes and Bills 595, *et seq.*; Story Prom. Notes §§ 274 *et seq.*, and 280. In the present instance it is quite too clear for argument that McEntee made no use of any expression that can be tortured into an acknowledgment of, or promise to pay, the debt. He evidently did not know, until informed by Richardson that he was released, but as soon as he was informed of that fact, he positively refused to answer whether he would take advantage of it. No case has ever gone to the length of holding that an indorser would be bound under such circumstances. Nor does the alleged offer of McEntee to Long, of $100 for the note, at all strengthen plaintiff's case. McEntee had a right to compromise, to buy his peace. Besides, the offer if made was not accepted. Parsons Notes and Bills, 600. The result of these views is that the judgment must be reversed. All concur.