WORKINGMEN'S BANKING COMPANY OF EAST ST. LOUIS, Respondent, v. CHARLES E. BLELL, Appellant.

### St. Louis Court of Appeals, April 3, 1894.

1. **Interpretation of Oral Remarks:** LAW AND FACT. When the evidence admits of different inferences, the question, which is the most reasonable, is one of fact. It is only when an oral statement admits of but one interpretation, that its effect becomes a question of law.

2. **Promissory Notes:** WAIVER BY INDORSER OF DEMAND OF PAYMENT. A promise by the indorser of a promissory note to pay it, if made with knowledge that no demand of payment has been made thereon, is binding, and amounts to a waiver by him of the defense arising from the absence of such demand.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*F. & Ed. L. Gottschalk* for appellant.

To constitute waiver, the same must be made upon full knowledge of facts. Edwards on Bills, sec. 870; Story on Promissory Notes, secs. 274, 361, 362; *Faulkner v. Faulkner*, 73 Mo. 337. They must evince an intention to waive. *Bank v. McGuire*, 33 Ohio St. 295. The intention must be clear and unequivocal. Daniels on Negotiable Instruments, sec. 1091; Story on Bills, secs. 272, 275, 280, 365; *Bank v. McGuire, supra; Faulkner v. Faulkner, supra.* There must be an unconditional promise to pay. Daniels on Negotiable Instruments, sec. 1163; Edwards on Bills, secs. 871, 872; Story on Promissory Notes, sec. 363. The acts or words to constitute waiver must mislead the holder into omitting to make presentation, and amount to a fraud upon the holder. *Boyd v. Bank*, 32 Ohio St. 526; *Hale v. Danforth*, 46 Wis., 554.

*Campbell & Ryan* for respondent.

The conduct of Mr. Blell on Saturday before the note matured, in acknowledging liability and offering to pay, waived the necessity for demand and protest and notice on the following Monday, when the note matured.   Daniel on Negotiable Instruments [4 Ed.], secs. 1090, 1091, 1103, 1107; Tiedeman on Commercial Paper, sec. 364; *Cady v. Bradshaw*, 116 N. Y. 188, 191, 192; *Armstrong v. Chadwick*, 127 Mass. 156; *Barker v. Parker*, 6 Pick. 80; *Hudson v. Wolcott*, 39 Ohio St. 618, 623; *Boyd v. Bank*, 32 Ohio St. 526; *Thornton v. Winn*, 12 Wheaton, 183; *Edwards v. Tandy*, 36 N. H. 540; *Hale v. Danforth*, 46 Wis. 554; *Hyde v. Stone*, 20 How. 170–176; *Yaeger v. Farwell*, 13 Wall. 7–13; *Hazzard v. White*, 26 Ark. 280; *Carter v. Sprague*, 51 Cal. 239; *Fell v. Deal*, 14 S. C. 247–250; *Shaw v. McNeal*, 95 N. C. 535; *Levy v. Peters*, 9 S. & R. 125, 127, 128; *Bank v. Lyman*, 20 Vt. 666–679; *Bogard v. McClurg*, 11 Heiskell, 105; *Glendenning v. Canary*, 6 Daly, 489; *Oglesby v. Steamboat*, 10 La. Ann. 117; *Rogers v. Stephens*, 2 Term Rep. 713; *Triggs v. Newnham*, 1 Car. & P. 631.

Rombauer, P. J.—The plaintiff, who is the indorsee of a negotiable promissory note, recovered a judgment against the defendant, who is its indorser. The defendant appeals, and assigns for error that the judgment is not supported by substantial evidence. As there was no objection to any part of the evidence, and no instruction was asked, except one in the nature of a demurrer to the evidence, the only question presented by this appeal is whether the judgment can be supported on any theory of the evidence, and admissible inferences arising therefrom.

The petition concedes that no presentation of the

note was made at the place where by its terms it was payable, and that no legal notice of its nonpayment was given to the defendant. It counts for a recovery upon the fact that the defendant, after maturity of the note and with full knowledge that the same had not been presented for payment, recognized his liability thereon, and offered to pay it upon presentation to him.

For the purpose of substantiating this allegation the plaintiff introduced testimony tending to show that the maker of the note had made a general assignment to his creditors some time prior to the maturity of the note, and that the defendant knew that fact, and, hence, had every reason to know that the note would not be paid at maturity. The note matured on a Monday. On the Saturday preceding its maturity the defendant called upon the plaintiff in East St. Louis, and offered to pay the note. The plaintiff's president informed the defendant that the note was in the hands of plaintiff's attorneys in St. Louis, and both parties came over to St. Louis and called upon the attorneys. They were there informed that the attorneys were out of the city; that one of them was in Europe, and the other in Colorado. The attorney in Colorado, being questioned by wire, responded that the note was in the hands of the assignee. The plaintiff's president then went to the assignee, but whether accompanied by the defendant or not is not quite clear, and ascertained there that the assignee was out of town and would not return for several days.

It will be thus seen that there was ample evidence warranting the trial court to draw the inference that the defendant, as early as the preceding Saturday, knew that the note was not in the possession of the plaintiff; that it was next to impossible that it would be presented at maturity for payment at the place where payable,

and that a copy thereof could not well be presented, as it does not appear that a copy was either in existence or could be made from reliable *data*.

On Monday, the day of maturity of the note, and after the close of banking hours, the plaintiff's president called upon the defendant. What transpired there is thus told by the president: "I met Mr. Blell, and told him I had come to see him with regard to the payment of that note. He said he was ready to pay it, and took out his money and offered to pay it. I told him again that I would accept the money, and would guarantee to deliver him the note in a few days. He said no; that he wanted the note. He took out some money in his hands and said that he would pay the note, if I had it there. *Q.* If you had it there? *A.* But he would not pay it, unless I would produce it. *Q.* But if you would produce it, he would pay it? *A.* Well, he did not say that in so many words, but he said he would pay the note if I had it, but would not pay it unless I did. *Q.* Unless you would get it and present it; unless you would give it to him? *A.* Unless I would give him the note."

It will be thus seen that there was evidence warranting the inference by the trial court that the defendant, with full knowledge that the note had not been presented and could not even then be presented, promised to pay the same upon its production. If it be said in opposition to this view that the more reasonable inference from the evidence is that the defendant's promise was not a continuing promise but only a promise to pay the note *then*, if then produced, we must reply that, when the evidence admits of different inferences, which of these inferences is the most reasonable is a question of fact and not of law. It is for us to decide whether the inference is admissible; whether, if admissible, it should be drawn, is for the

jury and not for us. *Judge v. Leclaire*, 31 Mo. 127; *Belt v. Goode*, 31 Mo. 128; *Frick v. Railroad*, 75 Mo. 542; *Smith v. Hutchinson*, 83 Mo. 683; *Huhn v. Railroad*, 92 Mo. 440. It is only where an oral statement admits only of one interpretation, that its effect can become a question of law for the court. *Norton v. Higbee*, 38 Mo. App. 467.

It is said in *Salisbury v. Renick*, 44 Mo. 559, "that where no demand has been made or notice given, a promise to pay, after maturity, made with a full knowledge of such laches, is binding on the party promising, and removes entirely the effect of any negligence in making the demand or in giving the notice." The correctness of this view is recognized in *Long v. McEntee*, 71 Mo. 452, and in *State Bank v. Bartle*, 114 Mo. 276. In the last named case the court decided as a matter of law that there was a new promise, and, hence, a waiver of the discharge for want of demand. In the *McEntee case*, the court decided, as a matter of law, that there was no new promise, because the evidence conceded that, when the indorser was informed of the want of demand, and was asked whether he would take advantage of it, he stated: "I refuse to answer that question." The court decided with propriety that a refusal to make a promise could not be tortured into a promise. In the case at bar the promise was shown, and facts were shown from which a knowledge on the defendant's part of want of demand could reasonably be inferred, and hence, we cannot see how, under the well settled practice in this state, the court could with propriety have sustained the demurrer to the plaintiff's evidence. As its refusal to sustain the demurrer is the only error assigned, and, as that error is not well assigned, it necessarily results that the judgment must be affirmed. So ordered. All the judges concur.