R. A. MOONEYHAM, Respondent, v. LOUIS A. CELLA, Appellant.

St. Louis Court of Appeals, December 26, 1901.

1. **Contract: PLEADING AND PRACTICE.** Plaintiff suing on a contract must substantially prove it as alleged.

2. **Practice, Appellate.** Where no objection or exception is interposed in the trial court to a want of conformity of the proof to the pleading, that point can not be made ground for a reversal (Chouquette v. Railway, 152 Mo. 257, followed).

3. **Damages:** WHEN AWARDED ON APPEAL: STATUTORY CON-STRUCTION. Where the errors assigned on appeal do not present any fairly debatable or unsettled question of law or fact, an award of damages is just and proper under section 867, Revised Statutes 1899.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Johnson & Richards* for appellant.

(1) Plaintiff seeks to recover on one contract and has proved an entirely different one. Jacquin v. Grand Ave. Cable Co., 57 Mo. App. 320; Wright v. Fonda and Higgins, 44 Mo. App. 634; Bird v. Railroad, 30 Mo. App. 365; Halpin Mfg. Co. v. School District, 54 Mo. App. 371; Whipple v. Peter Cooper B. & L. Ass'n, 55 Mo. App. 554; Mason v. Railroad, 75 Mo. App. 10; Chitty v. Railroad, 148 Mo. 64. (2) Plaintiff must prove performance of the contract, as alleged, as a condition precedent to recovery on his part. Billups v. Diggs, 38 Mo. App. 367; Freeman v. Aylor, 62 Mo. App. 613; Eyerman v. Mt. Sinai Cemetery Ass'n, 61 Mo. 489; Marsh v. Richards, 29 Mo. 99.

*Jeptha D. Howe* and *Alphonso Howe* for respondent.

(1) This case having been tried by the court sitting as a jury, the finding of that court on all questions of disputed fact is conclusive. No declaration of law was asked and none given. A solution of the points made by appellant can be had only by an examination of the petition and the evidence adduced. They will be the test upon which this court will base its action, and there is very little law involved in this case that is not primary. Jacquin v. Cable Co., Bird v. Rail-

road, Mayson v. Railroad, and Chitty v. Railroad, cited by appellant are damage cases, where there was a variance in the negligence alleged, and that proven. Right v. Fonda is a gambling case. Whipple v. Building Association: The court held in that case 55 Mo. App. 554, plaintiff must recover, if at all, on the cause of action stated in his petition, and that where the petition alleged one contract and its breach, and the answer denied that contract, and set up a different contract, an instruction which authorized a recovery for the breach of the latter contract is erroneous. It is useless, however, to discuss authorities on this proposition, because we understand the law to be well settled that a plaintiff must recover on the cause of action stated in his petition. The authorities cited in the second point it will be unnecessary to notice, because if the plaintiff has proven a different contract from the one alleged, he has not proven the contract alleged, and he must prove the contract alleged and its performance in order to sustain his judgment. The court will not decide this point by looking into the law books, but will look to the petition and the testimony given before the trial court as the test as to whether or not the contract alleged was proven, and its performance proven. Authorities will furnish no light whatever upon this proposition. (2) Justice demands a more liberal construction of a petition after answer and verdict than where its sufficiency is challenged by demurrer or motion. Cobb. v. Railroad, 149 Mo. 135. Mere imperfection or indefiniteness in the statement of a cause of action is not open to review, unless attacked before a verdict is rendered. Green v. Supreme Lodge N. R. Ass'n, 79 Mo. App. 179. Though a petition contains matter which is redundant and immaterial, it will be good after verdict. Bradley v. Railroad, 138 Mo. 293. (3) Where the averment which is lacking is necessarily implied from the allegations which the petition contains, the defect will be cured by the verdict. Malone v. Fidelity & Casualty Co., 71 Mo. App. 1. Again, the law is

well settled that if there is substantial evidence to support a verdict, there is no error in refusing to grant a new trial. Conde v. Railroad, 13 Mo. App. 588; Richmond v. Judy, 6 Mo. App. 465. (4) The determination of a motion for a new trial on the weight of evidence rests in the discretion of the trial court. And unless that discretion has been abused, or an injustice done, its ruling will not be disturbed. Martin v. Block, 24 Mo. App. 60; McCullough v. Ins. Co., 113 Mo. 606; Cook v. Railroad, 56 Mo. 380; Kries v. Railroad, 131 Mo. 533; Whitsett v. Ransom, 79 Mo. 258. Where the evidence is conflicting and there is substantial evidence in support of the verdict, the trial court commits no error in refusing a new trial. Albert v. Seiler, 31 Mo. App. 247.

BARCLAY, J.—Plaintiff's action is for breach of a contract of employment. The petition alleges that plaintiff was an attorney at law, engaged in practice in St. Clair county, Illinois; that defendant employed plaintiff to perform certain legal services, etc.

As there is a question discussed on this appeal concerning the effect of the allegations of employment, we quote that part of the petition, as follows:

"The said defendant, Louis Cella, did engage and employ the plaintiff as such attorney at law to do and perform certain legal services for and in behalf of said defendant in said St. Clair county, State of Illinois, to-wit: to represent and prosecute for and on behalf of the said State in certain prosecutions wherein the said State was plaintiff and Canty and others were defendants, and wherein said defendants were charged with the offense and crime of pool-selling at Lake Bridge in said St. Clair county, State of Illinois, which was against the laws of said State, and to do and perform all things necessary and requisite in procuring all evidences representing the said State in court in the said prosecutions of said parties for said crime of pool-selling, and the said defendant,

Louis Cella, then and there agreed and contracted with plaintiff to pay plaintiff for the said legal services to be so performed the sum of fifteen hundred dollars as a fee for such services and labor, and the said defendant then and there, on said day of September, 1899, did pay to plaintiff the sum of three hundred dollars cash on account of said fee, and then and there agreed to pay the balance of said fee or the sum of twelve hundred dollars, as soon as said prosecutions ended and pool-selling was stopped at Lake Bridge, in said county."

The petition then alleges that plaintiff performed all the acts and services which he agreed to do, and gives the particulars of performance at some length. The petition further states that a balance of $1,200 is due on account of the contract and prays judgment with interest from October 1, 1899, at which time a demand of payment is alleged to have been made.

The amended answer contains a general denial, and a plea that a third party is jointly interested with plaintiff as a partner in the claim sued upon. As no question is presented here upon that plea, nothing more will be said about it.

The cause was tried before Judge Spencer without a jury. No instructions were asked or given.

There was a finding and judgment for plaintiff in the sum of $1,233.48. After an unavailing motion for new trial defendant appealed to this court.

Two errors are assigned as follows:

"*First.* The court should have held that there was a fatal variance between the allegations of the petition and the proof adduced by the plaintiff at the trial.

"*Second.* The court should have held that there was a total failure of proof of performance of the alleged contract by the plaintiff."

I.   We have examined the record and find that the testimony for plaintiff fully sustains the allegations of the petition above quoted. It does not appear necessary to recite in

this opinion the particulars of the evidence. We do not discern any variance between the pleading and proof in this case, while fully recognizing the proposition that a plaintiff must substantially prove the contract which he has alleged (subject to certain qualifications of that rule which we need not go into now).

Another serious difficulty which appellant encounters in this phase of the case is in the rule which requires some sort of objection to be made to a supposed variance or want of conformity of the proof to the pleading. Where no objection or exception is preserved at the trial to such a deviation from correct practice it can not be made ground for a reversal. Chouquette v. Railway, 152 Mo. 257.

II. The evidence of plaintiff tends to show full performance of the contract on his part, and tends further to prove that defendant admitted such performance. And the trial court found there was a full performance by plaintiff.

III. The respondent asks for damages in this court on the ground that the appeal is frivolous.

The law warrants the allowance of damages here not exceeding ten per cent on the amount of the judgment. The only guide given by the statute on the subject is that the court shall consider the allowance of damages to be just (R. S. 1899, sec. 867). Where the assignments of error do not present any fairly debatable or unsettled question of law or fact, we consider an award of such damages to be just and proper. In this instance the judgment will be affirmed with five per cent damages. *Bland, P. J.,* and *Goode, J.,* concur.