## CHARLES C. ORTHWEIN, Appellant, v. WILLIAM H. NOLKER, Administrator.

### Division Two, November 19, 1921.

1. **NEGOTIABLE NOTE: Parol Evidence That Indorser was Maker.** In the absence of words written on the instrument indicating to the contrary, the legal effect of a blank indorsement upon a note cannot be changed or varied by evidence from other sources. Where a person signed a note on the back thereof, not as maker, drawer or acceptor, he must be deemed an indorser, and parol evidence to show he was in fact a maker is incompetent.

2. ————: **Presentment and Notice: Waiver.** If the indorser of a note knew that the maker, a corporation, could not or would not pay it at maturity and, with such knowledge prior to the time presentment of the note to the company for payment and notice of dishonor to him were required, agreed to pay the note or otherwise take care of it, if the payee would wait until after the time for presentment for payment and notice for dishonor would necessarily, because of his request, be past, he should be held to have waived the requirement for presentment and notice.

3. ————: **Agent: Competent Witness: One Party Dead.** An agent of one of the parties to the contract or cause of action in issue and on trial is a competent witness notwithstanding the death of the other party to such contract. The agent of the deceased payee of a negotiable note is a competent witness, in a suit against the administrator of a deceased indorser, to testify to facts which constitute a waiver by such indorser of a presentment of such note at its maturity to the maker for payment and of notice of dishonor.

Appeal from St. Louis City Circuit Court.—*Hon. Vital W. Garesche,* Judge.

REVERSED AND REMANDED.

*Shepard Barclay* for appellant.

(1) The burden of proof to show facts which might render a witness incompetent rests upon those who assert incompetency; for all witnesses "are presumed to be competent, until the contrary appears." 3 Phillipps on Evid. (5 Am. Ed.) pp. 13, 35; Freleigh v. State, 8 Mo. 611; King's Lake Dist. v. Jamison, 176 Mo. 570; Whitman v. Foley, 125 N. Y. 659. Disqualification of a witness must clearly appear in order to exclude him. Nearpass v. Gilman, 104 N. Y. 506. (2) There is no testimony to disqualify Max R. Orthwein; no testimony that he was agent for Mrs. Caroline Orthwein. R. S. 1919, sec. 5410. (3) Max R. Orthwein was agent for Louis T. Nolker to obtain a short extension of time beyond maturity of the note, "until after the holidays" as Nolker requested, shortly before maturity of this note. Orthwein obtained the holder's assent thereto; reported it to Nolker, and the time for payment was hence and thereby extended *beyond maturity,* which facts constitute a waiver of any demand, notice or protest, necessary to hold Louis T. Nolker if he was strictly indorser. R. S. 1919, secs. 895, 897; Banking Co. v. Blell, 57 Mo. App. 410; Bank v. Bartle, 114 Mo. 276; Yaeger v. Farwell, 13 Wall. 6; Gove v. Vining, 7 Metc. 212; Cady v. Bradshaw, 116 N. Y. 191; Hale v. Danforth, 46 Wis. 554; Belch v. Roberts, 191 Mo. App. 243. (4) Section 5410, Revised Statutes 1919, is an "enabling and not a disabling" statute (89 Mo. 128), intended to confer competency on witnesses previously disqualified "because of interest in the event of the action." It does not disqualify any witness theretofore competent under principles of the common law. Wagner v. Binder, 187 S. W. 1128; Stanton v. Ryan, 41 Mo. 510; Burd v. Ross, 15 Mo. 254; Massey v. Butts, 221 S. W. 152;

Angell v. Hester, 64 Mo. 142; Meier v. Thieman, 90 Mo. 433; Allen v. Jessup, 192 S. W. 723; Clark v. Thias, 173 Mo. 628; Lytle v. Bond, 40 Vt. 618; Bank v. Gerli, 225 Pa. 256; Re Edmundson, 259 Pa. 429; MacDonald v. Tittmann, 96 Mo. App. 536; Bates v. Forcht, 89 Mo. 121. (5) The testimony offered by plaintiff to show the "facts and surrounding circumstances at the making of that note" was competent; and the circuit court erred in excluding it. It was part of the *res gestae,* tending to show that Nolker was the original debtor, and making more probable the claim of plaintiff of waiver, etc., as testified by Max R. Orthwein. Wood v. Matthews, 75 Mo. 477; Bank v. Willerscheid, 222 S. W. 912; Castrique v. Buttigieg, 10 Moore (P. C.) 108; McDonald v. Whitfield, 8 App. Cas. 733; Brown, on Parole Evid. sec. 83; Phillips v. Preston, 5 How. 278. (6) Even if Max Orthwein had been an agent (not otherwise interested) he would be competent to testify at common law, when the adversary party is disqualified, or dead. 1 Greenl. Evid. (12 Ed.) sec. 416; Bates v. Forcht, 89 Mo. 127; Bank v. Rood, 132 Mo. 260. It was so held in Missouri prior to the enactment of Section 5410. Stothard v. Aull, 7 Mo. 318; St. John v. McConnell, 19 Mo. 38. Later decisions recognize the same rule as existing. Stanton v. Ryan, 41 Mo. 510; Poe v. Domic, 54 Mo. 124; Williams v. Edwards, 94 Mo. 447; Bates v. Forcht, 89 Mo. 127; Clark v. Thias, 173 Mo. 628; Bank v. Slattery, 166 Mo. 620; Baer v. Pfaff, 44 Mo. App. 35; Leahy v. Simpson, 60 Mo. App. 83; MacDonald v. Tittman, 96 Mo. App. 536; Dawson v. Wombles, 104 Mo. App. 272; Wagner v. Binder, 187 S. W. 1128; Allen v. Jessup, 192 S. W. 720. If he was agent for both parties, he would also be competent. Slupsky v. Starr, 223 S. W. 816; Hunter v. Leathley, 10 B. & C. 864; 1 Greenl. Evid. (16 Ed.) p. 901, sec. 416. (7) Max R. Orthwein (as president of the Peroxident Co., maker of the note) was compellable to testify if called by the plaintiff, as a witness of adversary interest to the payee. R. S. 1919, sec. 5412.

*Marion C. Early* for respondent.

(1)   The fact that Louis T. Nolker's name first appears on the back of the note, without mention on its face, makes him an indorser under Revised Statutes 1919, sec. 849; and such effect cannot be changed or varied by parol evidence. Eaves v. Keaton, 196 Mo. App. 424; First Bank v. Korn, 179 S. W. 721.   (2)   Under Sec. 5410, R. S. 1919, where one party to a transaction in suit is dead, the surviving agent of the other party, who conducted such transactions, cannot testify as to them. Stanton v. Ryan, 41 Mo. 510; Fulkerson v. Thornton, 68 Mo. 468; Butts v. Phelps, 79 Mo. 302; Williams v. Edwards, 94 Mo. 447; Robertson v. Reed, 38 Mo. App. 32; Orr v. Rode, 101 Mo. 387; Leach v. McFadden, 110 Mo. 584; Carroll v. United Railways, 157 Mo. App. 247; Edwards v. Scharff, 279 Mo. 78; Scott v. Cowen, 274 Mo. 398; Lyngar v. Schaefer, 125 Mo. App. 400.   (3)   The foregoing proposition is a corollary of the rule that the proviso of Section 5410 must be interpreted to secure equality, so that when death has sealed the lips of one party, the other shall not be permitted to testify to transactions with the deceased. Kersey v. O'Day, 173 Mo. 56; Weiermueller v. Scullin, 203 Mo. 466; Miller v. Wilson, 126 Mo. 48; First Bank v. Payne, 111 Mo. 291; Green v. Ditch, 143 Mo. 1; Taylor v. George, 176 Mo. App. 215; Griffin v. Nicholas, 224 Mo. 327; Meier v. Thieman, 90 Mo. 433; Chapman v. Dougherty, 87 Mo. 617; McKee v. Downing, 224 Mo. 115; Southern Bank v. Slattery, 166 Mo. 620.   (4)   As a matter of fact, the testimony of William R. Orthwein was immaterial.   (5)   As a matter of fact, under the evidence, Max Orthwein never was the agent of Louis T. Nolker, now deceased.   (6) The court below ruled out none of the evidence tendered to prove that Max Orthwein was the agent of Louis T. Nolker, now deceased.   Max Orthwein, as president of the Peroxident Company, the maker of the note, claiming that as between the company and Louis T. Nolker, the indorser, the latter was the debtor, and that the company

was only accommodation maker as between the two, has an adverse interest to Louis T. Nolker, deceased; and therefore is incompetent to testify to transactions with Louis T. Nolker. This is true: (a) Under appellant's construction of the proviso to Sec. 5410, R. S. 1919; Allen v. Jessup, 192 S. W. 720. (b) And also under the construction of the proviso set forth by respondent. Scott v. Cowen, 274 Mo. 398; Lyngar v. Schaefer, 125 Mo. App. 400; Scott v. Burfiend, 116 Mo. App. 71; Thompson v. Brown, 121 Mo. App. 524; McClure v. Clement, 161 Mo. App. 23; Cleveland v. Carlson, 99 Mo. App. 468.

DAVID E. BLAIR, J.—This case originated in the Probate Court of the City of St. Louis as a demand against the estate of Louis T. Nolker, deceased. The claim was allowed in that court, and on appeal to the circuit court judgment was rendered in favor of the defendant, disallowing said claim, and plaintiff has appealed. The claim is based on the following note:

"St. Louis, December 19th, 1907.
"$5000.00
"One year after date I promise to pay to the order of Caroline Orthwein five thousand and no/100 dollars. For value received negotiable and payable without defalcation or discount with interest at the rate of six per cent per annum from date. Payable at the office of William J. Orthwein, Gay Building.
"Peroxident Mfg. Co.
"Per Max R. Orthwein, Prest.
"(Endorsed) Louis T. Nolker,
"Max R. Orthwein and Chas. C. Orthwein, Executors of the Estate of Caroline Orthwein, Deceased."

The principal of said note with accrued interest brings the amount of the demand within our jurisdiction. No part of the principal or any interest thereon has been paid. Appellant acquired title to said note by endorsement from the executors of the estate of Caroline Orthwein, deceased.

Plaintiff offered and the trial court excluded oral evidence tending to show that Nolker was in fact maker of the note; that it was executed to renew a note signed by him as maker. This testimony was excluded on the ground that the witness, Max R. Orthwein, was incompetent to testify, because he was acting as the agent of Caroline Orthwein, the payee, and because Louis T. Nolker, the maker, was dead. Because of the view we take of the competency of this sort of testimony generally, discussion here of the competency as a witness of the agent of one party to a contract when the other is dead is unnecessary. That question will be considered later in the opinion in connection with the evidence offered tending to show waiver of notice of dishonor.

The testimony of this witness as to the circumstances leading up to Nolker's signature on the note was properly excluded, not for the reason assigned, but because it is not permissible to show by parol evidence that Nolker signed the note in any capacity other than as endorser. Plaintiff tried the case on the theory and endeavored to show that Nolker was in fact maker of the note. Section 10033, Revised Statutes 1909, enacted in 1905 (now Sec. 849, R. S. 1919), is as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

In the case of Overland Auto Company v. Winters & Strang, 277 Mo. 425, this Division, construing the statute just quoted and speaking through WHITE, C., held that the words "unless he clearly indicates by appropriate words his intention to be bound in some other capacity" undoubtedly mean "words written upon the instrument itself" and that "the legal effect of a blank endorsement cannot be changed or varied by evidence from another source." Certainly it could not be varied by parol evidence. Nolker signed the note in blank on the back thereof and not as maker, drawer or acceptor

290 Mo.—19

and must be deemed an endorser and parol evidence to show that he was in fact a maker was incompetent. See cases cited in Auto Company v. Winters, *supra*.

The trial court permitted Max R. Orthwein to testify as follows:

"A. I met Louis Nolker at Faust's by appointment, told him that Mrs. Orthwein insisted on the payment of the note when it became due and that the Peroxident Company was not in shape to take care of it, and asked about what he would do about it. He then said that it came due just about the holidays; it was very inconvenient for him to take care of it at that time, but if I would ask Mrs. Orthwein to let it run over until after the holidays, he would arrange for its payment and see that it was taken care of . . .

"MR. ORTHWEIN: Q. After Mr. Nolker said that to you, what did you do? A. I submitted it to Mrs. Orthwein, and also wrote to my brother, C. C. Orthwein, at Kansas City. Mrs. Orthwein said, 'Very well; if he will see that it is taken care of shortly after the holidays, we will let it run on until that time. . . .

"MR. ORTHWEIN: Q. Did you tell Mr. Nolker the result of your conversation with your mother? A. I did; and he reiterated the fact that shortly after the holidays he would take care of the note. . . . I told Mr. Nolker that Mrs. Orthwein said 'Very well, she would let the matter run on until a short while after the holidays.' He then said that was very good, and that he would be sure to take care of the note shortly after the holidays."

In his findings of fact and conclusions of law the trial judge held that Max R. Orthwein was incompetent as a witness because he was acting as Mrs. Orthwein's agent and the other party, Louis T. Nolker, was dead, and by such ruling excluded the testimony covering the facts relied upon as constituting waiver of notice of dishonor. We have no hesitancy in holding that if this testimony is competent and was believed by the trier of the facts, it is sufficient to show waiver of presentment and

notice of dishonor by Louis T. Nolker as endorser. [Secs. 10079 and 10081, Revised Statutes 1909 (now Secs. 895 and 897, R. S. 1919); Banking Co. v. Blell, 57 Mo. App. 410; Bank v. Bartle, 114 Mo. 276; Belch v. Roberts, 191 Mo. App. 243.] If Nolker knew the Peroxident Manufacturing Company could not or would not pay the note at maturity and, with such knowledge prior to the time presentment of the note to that company for payment and notice of dishonor to him were required, he agreed to pay the note or otherwise take care of it, if Mrs. Orthwein would wait until after the time for presentment for payment and notice of dishonor would necessarily be past, he certainly must be held to have waived the requirement that such note be presented for payment and if payment be refused that he be notified of such fact.

This brings us then to a consideration of the competency of Max R. Orthwein (and incidentally of Wm. R. Orthwein) as a witness. The trial court found that he was acting, during the transactions concerning which he testified, as the agent of his mother, the payee in said note. As to the correctness of this finding of fact we have great doubt. There was nothing in the mere relationship of mother and son that justifies such conclusion, nor in the mere fact that both were stockholders in the Peroxident Manufacturing Company. As the president of said company it would be quite in keeping with his duties for Max R. Orthwein to have acted entirely as the agent of such company in finding some one to loan the money and in securing an endorser, and when the note was about to become due in exercising diligence to see that it was paid or otherwise cared for. But the view we take of his competency as a witness makes it a matter of little importance whether he was his mother's agent or not.

Since the case of Wagner v. Binder, 187 S. W. 1128, was handed down by Division One there is little room for question in this State that an agent of one of the parties to the contract or cause of action in issue and on trial is a competent witness notwithstanding the death of the other party to such contract. In that case Woodson, J.,

very ably and fully discussed the Missouri cases and cases from other states on the question and directly overruled Banking House v. Rood, 132 Mo. 256, one of the cases relied on by respondent here.

This Division has since approved and followed Wagner v. Binder, *supra,* in the case of Allen v. Jessup, 192 S. W. 720, 1. c. 722. Practically all of the cases prior to the Wagner case, cited by respondent as authority for his contention that Max R. Orthwien was incompetent to testify, are fully discussed and distinguished by WOODSON, J., in the Wagner case.

Respondent contends that Scott v. Cowen, 274 Mo. 398, handed down since the Wagner case, sustains his position. In that case the agent was held incompetent, not on the ground of his agency, but because he was himself a party to the contract and also a party to the suit. The fact of the agency of Bennett for one of the other parties to the contract was held to make him a competent witness when he was himself one of the principals. We are unable to see wherein this case is in anywise inconsistent with the Wagner case. Judge WOODSON, who wrote the opinion in the Wagner case, concurred in the Scott case and apparently felt that the rulings were harmonious.

Respondent also contends that he is supported by the late case of Edmonds v. Scharff, 279 Mo. 78. The supporting value of this case is destroyed, we think, by the language of WHITE, C., who wrote the opinion of the court:

"However the question of whether an agent conducting a transaction may afterwards testify, when the other party to the transaction is dead, hardly enters in this case. Mrs. Summers was not the agent of her daughter; according to her own testimony, as she gives it, she was herself the original party to the contract. Speaking of G. L. Edwards, she testified: 'I bought some lots in Bernie from him and paid him about three hundred dollars for them. He owed me some notes which I had been trying to collect for a long time and he gave me

the lots for the notes. I had the deed made to my daughter, M. A. Edwards. . . . The notes I turned over to G. L. Edwards for these lots and they were canceled at the time, and I gave him a receipt for the account he owed me.'

"The effect of the transaction as she describes it is precisely the same as if she had purchased the lots and had the conveyance made to herself and subsequently had conveyed to her daughter. She is a party to the original contract or cause of action. The wording of the statute completely covers her case, Section 6354, Revised Statutes 1909. The provision is this: '*Provided,* that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify *either in his own favor or in favor of another party to the action claiming under him.*' " (Italics used by WHITE, C.)

It therefore appears that the trial court erred in excluding the testimony of Max R. Orthwein touching the transactions with Nolker and Mrs. Orthwein tending to show waiver of presentment and notice of dishonor, and for that reason the judgment must be reversed and the cause remanded for new trial.

All concur.