AETNA INVESTMENT COMPANY, RESPONDENT, v. CHANDLER LANDSCAPE & FLORAL COMPANY, APPELLANT.—50 S. W. (2d) 195.

Kansas City Court of Appeals. May 23, 1932.

*John N. Davis, Nelson H. Davis* and *Davis & Davis* for respondent.

*McCollum, Schwind & Barnes* for appellant.

ARNOLD, J.—This is an action to recover on a series of seven written instruments, in the amount of $50 each, bearing six per cent interest from maturity and an attorney's fee on each. These instruments each bore the same serial number (102), were executed and delivered at the same time and were payable six months apart. Both plaintiff and defendant are corporations, organized under the law. The former has its headquarters at Indianapolis, Indiana, and the latter at Kansas City, Missouri.

The petition is in seven counts, each covering one of the written instruments, identical in all respects except as to the due date. In respect to the first count, the petition alleges that on or about November 19, 1927, defendant executed and delivered a "note or trade acceptance No. 4, together with seven other "notes or trade acceptances" numbered 4 to 10, all bearing serial number 102, whereby defendant promised to pay on June 1, 1929, $50, to the order of the Society of American Florists and Ornamental Horticulturists, and in the event of nonpayment on that date, the said note or acceptance should bear six per cent interest from maturity, and a reasonable attorney's fee should be added; and that in the event of nonpayment when due, the payee or holder thereof might declare the whole of said series of notes or acceptances due and payable; that thereafter, before the maturity of said instruments, same were endorsed and delivered for value by the payee named therein to plaintiff, and plaintiff became the owner and holder thereof; that a verified copy of the note and trade acceptance, together with the endorsement thereon, was filed as an exhibit and made a part of the petition; that when said instrument fell due, on June 1, 1929, demand for payment was made upon defendant, who failed and refused to pay same, or any part thereof, and that on said last named date plaintiff declared the whole of said series of notes or acceptances due and payable. In this count judgment is asked in the sum of $50, together with six per cent interest from June 1, 1929, and attorney's fee of $15 and costs. Each of the other counts is in the precise wording and figures as count one, except each declares on a note or trade acceptance as follows: No. 5, due December 2, 1929; No. 6, due June 2, 1930; No. 7, due December 1, 1930; No. 8, due June 1, 1931; No. 9, due December 1, 1931, and No. 10, due June 1, 1932. Judgment is asked in the total sum of $350, with six per cent interest, and attorney's fees of $105. Attached to the petition as exhibits, same being marked 1 to 7, both inclusive, are copies of the instruments sued upon.

The petition was filed January 25, 1930. On April 7, 1931, defendant filed its first amended answer, consisting of a separate general denial to each count of the petition. The cause was tried to the court and jury.

When the case was called for trial, and after the jury was empanelled, defendant moved the court to require plaintiff to elect whether it would proceed upon the instruments as notes or trade acceptances. The court ruled plaintiff was not required to elect until all the evidence was in. At the close of all the evidence, plaintiff amended each count of the petition by striking out the words "note" and "or" before the word "acceptance," so that each of the counts declared solely on each instrument as an acceptance. The several instruments were introduced in evidence, over the objection of defendant, although only one of them is set out in full in the abstract.

In addition to containing an order on the Westport Avenue Bank of Kansas City, Missouri, to pay to the Society of American Florists and Ornamental Horticulturists' "Say it with Flowers Advertising Fund" the sum of $50, the instrument contains the following:

"This obligation is assumed by the drawer in consideration of the benefits which may flow from the expenditure of a fund built from this and similar contributions, promises and agreements mutually made by others throughout the country, which fund is to be employed in conducting a nation-wide campaign to advertise and further the interests of those engaged in the flower industry."

When these instruments, endorsed as above indicated, were introduced in evidence, defendant asked an instruction in the nature of a demurrer, which the court overruled. Thereupon, the court peremptorily instructed the jury that, under the pleadings and the evidence, they must find for plaintiff on the seven counts. The jury returned a verdict accordingly.

Motions for a new trial and in arrest of judgment were overruled and defendant appeals.

In order to consider intelligently the points raised in this appeal, it is advisable to set out herein, in full, the first instrument sued on, together with the endorsements thereon, as follows:

4
102

"Westport Avenue Bank
"Kansas City, Mo.                          No. 2052
      "City      State                     Protest
      "Pay, June 1, 1929, to the order of the Society of American Florists and Ornamental Horticulturists
      "Say it with Flowers Advertising Fund through The Peoples State Bank, Indianapolis, Indiana
            "Fifty & no/100                Dollars $50.00

"This obligation is assumed by the drawer in consideration of the benefits which may flow from the expenditure of a fund built from this and similar contributions, promises and agreements mutually made by others throughout the country, which fund is to be employed in conducting a nation-wide campaign to advertise and further the interests of those engaged in the flower industry. This obligation is payable with six per cent (6%) interest after maturity and attorney's fees, without relief from valuation or appraisement laws and with waiver of payment, protest, notice of protest and nonpayment. On failure to pay any one of a series at maturity date, payee may declare the entire series due. All of the agreements and understandings of the parties are contained in this instrument, and no verbal agreements will be recognized.

"Obligation accepted by    "Nov., 19, 1927
The Society of American      "John Young
Florists and Ornamental       "Secretary.
Horticulturists.

       "Signed Chandler Landscape & Floral Co.
         "By C. O. Chandler."

"(Indorsed on back as follows):

         "12/27/28

"Pay to Aetna Investment Corporation or order without recourse. By J. M. Reed Treasurer for the Advertising Counsel of the National Campaign Headquarters for The Society of American Florists and Ornamental Horticulturists. Pay to the order of The Peoples State Bank For Collection Aetna Investment Corporation By M. M. Shaunty, Treasurer. National Publicity Fund Society of American Florists and Ornamental Horticulturists John Young, Secretary."

There are four assignments of error, viz.: (1) That the court erred in refusing to sustain the demurrer at the close of the evidence; (2) in admitting in evidence the instruments sued on because they are void on their face for want of consideration; (3) in refusing to sustain the demurrer at the close of plaintiff's case, because the instruments are void for want of consideration and mutuality; and (4) the court erred in directing a verdict for plaintiff, because the indorsements on the instruments under which plaintiff claimed title were put in issue by the pleadings. These assignments are discussed in five sub-headings, under defendant's points and authorities.

The first point urged is that there is a variance between the pleading and the proof. It is insisted in this respect the petition declares on an instrument which, according to the petition, is a promissory note, because the name by which the pleader characterizes an instrument will not affect its true character and import; that the instrument, on its face, shows it is a bill of exchange, inasmuch as

it requires the drawee to pay to the order of the payee a sum of money; that the instruments are attached to the petition as exhibits and thereby became a part of the petition. From this situation, it is argued that, as against a demurrer the exhibits may not be considered. [Citing Robinson v. Levy, 217 Mo. 498, 117 S. W. 577; Pullis v. Somerville, 218 Mo. 624, 117 S. W. 736.] An examination of these cases shows the Robinson case states the rule that an exhibit is no part of the petition, even though it is attached thereto and made a part thereof. This case, therefore does not sustain defendant's contention. The Pullis case had to do with a suit to recover money loaned, and as we read the opinion, has no application to the point raised. Under the ruling in the Robinson case, we hold there was no error in the ruling of the trial court on the demurrer before the exhibits were introduced, and that the ruling after the exhibits were introduced, was, likewise, proper.

Defendant insists the record presents a case in which plaintiff has declared on a promissory note and recovered on a bill of exchange; that plaintiff pleaded one contract and recovered on another; that this constitutes a total failure of proof, and the demurrer to the evidence should therefore have been sustained. The soundness of this position depends upon whether the petition, as amended, states a cause of action as applied to an acceptance. An acceptance is defined as "the receipt of a thing offered by another with an intention to retain it, indicated by some act sufficient for the purpose." [2 Parsons on Contracts, 221.] It is necessary that each party should do some act by which he will be bound; 3 B. & Ald. 680." [1 Bouv. Law Dict. 95.] Sections 2630 and 2631, Revised Statutes 1929, state the requirements under our Negotiable Instruments Law, and the petition in the case at bar meets all these requirements and properly pleads an action on an acceptance. On its face (as required by sec. 2630) it is (1) in writing and signed by the maker and drawer; (2) it contains an unconditional promise or order to pay a sum certain in money; (3) it is payable at a fixed date in the future; (4) it is payable to order; (5) the drawee is named therein with certainty. Section 2631, Revised Statutes 1929, reads:

"The sum payable is a sum certain within the meaning of this chapter, although it is to be paid: (1) With interest; or (2) by stated installments; or (3) by stated installments, with a provision that upon default in payment of any installment or of interest, the whole shall become due; or (4) with exchange, whether at a fixed rate or at the current rate; or (5) with costs of collection or an attorney's fee, in case payment shall not be made at maturity.'

It must be held the petition properly pleads an acceptance. We rule this point against defendant.

It is objected the instruments should not have been received in evidence because the identity of the drawee is not properly established; and the authority of J. M. Reed, treasurer, to indorse the instruments, is not shown. The record discloses the transfer was fully covered by the evidence on behalf of plaintiff and there is no evidence of record to the contrary. Section 2689 covers this situation, as follows:

"The drawer by drawing the instrument admits the existence of the payee and his then capacity to indorse; and engages that on due presentment the instrument will be accepted or paid, or both, according to its tenor, and that if it be dishonored, and the necessary proceedings on dishonor be duly taken, he will pay the amount thereof to the holder, or to any subsequent indorser who may be compelled to pay it. But the drawer may insert in the instrument an express stipulation negativing or limiting his own liability to the holder." [See Fisher v. Bagnell, 194 Mo. App. 581, 586, 186 S. W. 1097; Webb v. Products Co., 234 S. W. 1068; Cairo National Bank v. Blanton Co. (Mo. App.), 287 S. W. 839, 841.]

Defendant objected to the introduction of the instruments on the grounds they were not protested and there was no proof of presentment at the bank designated in the instruments. This point is untenable, because the instruments themselves provide:

"This obligation is payable with six per cent (6%) interest after maturity and attorney's fees, without relief from valuation or appraisement laws and with waiver of payment, protest, notice of protest and nonpayment."

Section 2738, Revised Statutes 1929, covers this point:

"Where the waiver is embodied in the instrument itself, it is binding upon all parties; but where it is written above the signature of an indorser, it binds him only."

And section 2739 reads:

"A waiver of protest, whether in the case of a foreign bill of exchange or other negotiable instrument, is deemed to be a waiver not only of a formal protest, but also of presentment and notice of dishonor." [First National Bank v. Fulton (Mo. App.), 28 S. W. 368, 371; Orthwein v. Nolker, 290 Mo. 284, 234 S. W. 787.]

The next point raised is lack of consideration. Section 2653 (sec. 811, R. S. 1919) provides:

"Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

[See also sec. 2654, R. S. 1929 (sec. 812, R. S. 1919.)] Moreover, it has been held this objection cannot be made under a general denial, and neither is it incumbent upon plaintiff to prove value or consideration under the circumstances in the case at bar. [Franklin

Bank v. Equipment Co., 217 Mo. App. 131, 145, 273 S. W. 197; Dawson v. Wombles, 123 Mo. App. 340, 345, 100 S. W. 547; Webb v. Produce Co., 234 S. W. 1068; Glassbrenner v. Morgan (Mo. App.), 296 S. W. 201, 202.] A promise to do something in the future is a sufficient consideration. [Chenoweth v. Express Co., 93 Mo. App. 185, 192; Hartzell v. Saunders, 49 Mo. 433, 435.] The testimony shows defendant was fully informed of the advertising plan before signing the acceptances, and for which they were given, and is therefore estopped to question the consideration. [Sachleben v. Heinze, 117 Mo. 520.] Under the wording of the instruments herein, and under the law, it is not necessary, after default, that the maker be given formal notice of the maturing thereof before suit. [Sec. 2631, R. S. 1929; Meier v. Meier, 105 Mo. 411; Wolfley v. Wooten, 220 Mo. App. 668, 293 S. W. 73, 75; 8 C. J. 417.]

Finally, it is urged the instruments are void for want of mutuality because on their face they purport to be a promise for a promise. We must hold this position to be unsound. The instruments are, first, an order upon the drawee to pay. The orders are unambiguous and, as above stated, contain all the statutory elements of a valid order. Besides the order, the instruments contain other matter not necessary to the validity or the order to pay. This must be held to be surplusage and cannot affect the validity of the order. [Morgan v. Mulcahey (Mo. App.), 298 S. W. 242; City National Bank v. Commission Co., 93 Mo. App. 123, 136.] The lack of mutuality, if any, is a matter for consideration prior to the issuance of the order. We rule this point against defendant. It is the rule that before a trial court is warranted in submitting a case to the jury there must be some substantial evidence tending to make a defense. The record discloses defendant herein offered no evidence in the way of a dedefense. [Thrasher v. Greene County, 105 Mo. 244, 254.]

Plaintiff asks this court to add ten per cent to the amount of the judgment, under the provisions of section 1064, Revised Statutes 1929 (sec. 1515, R. S. 1919). We are unable to say the assignments of error do not present any fairly debatable or unsettled question of law or fact. Therefore, under the authorities, this court is not warranted in the assessment of the penalty asked. [Mooneyham v. Calla, 91 Mo. App. 260; President M. & M. Co. v. Coquard, 40 Mo. App. 40.] The request for the assessment of a penalty is denied. What we have said herein covers all the points raised.

The judgment is affirmed. All concur.