Macfarlane, J.
Action against both defendants on two promissory notes, each of which was signed by S. C. Froman alone. Defendants were charged as partners doing business under the firm name of S. C. *431 Proman. Two controlling issues were made by the pleadings: First, were defendants in fact partners; and, second, if not, did James H. Proman hold himself out to plaintiff as such partner.
Samuel C. Proman, a son of James H., was engaged in buying, selling and dealing in mules. The evidence tended to prove that James H. Proman had an interest in some of the mules bought and sold by his son and that he informed the officers of the bank that he was a partner. It appeared from the evidence that Samuel O. from time to time borrowed money from plaintiff bank. Por the money so borrowed, in a number of instances, notes signed by both the defendants were given the bank. These notes were finally taken up and a new note for about $4,500 signed by both defendants was given in place of them. In dealing with the bank the notes were generally signed by S. C. Proman alone.
Samuel H. Smith a witness for defendant was permitted to testify, over the objection of plaintiff, that one Henry. Anderson, a director of the bank, told him “that Proman was Sam’s security for about $4,500 in their bank.”
The court instructed the jury that “such statement by Anderson to Smith may be considered by the jury in so far as it bears on the question whether the bank had knowledge of the relation that James H. Proman sustained to Samuel C. Proman, as such knowledge, if any, on the part of the bank, may bear upon the ques • tion submitted in the fifth instruction whether- the bank was led to believe in the manner stated in the fifth instruction that James H. Proman was a partner, and extended credit and took notes sued on upon the faith of such partnership.”
The admission of this evidence and giving this instruction are the only errors assigned.
*432 The evidence could have been offered for no other purpose than that of proving that plaintiff bank had knowledge that James H. Eroman occupied the relation of surety to his son Samuel C. Proman on the notes jointly signed by them, and not that of partner.
It was not shown that the director, whose declaration was proved, had any connection with the active business affairs of the bank whatever. In the circumstances the evidence was clearly inadmissible. The knowledge of a mere director, having no further authority than the position itself implies, can not be imputed to the corporation. The law is well settled in this state that ‘ ‘knowledge which comes to an officer of a corporation, through his private transactions, and beyond the range of his official duties is not notice to the corporation.” This is the rule, though the officer obtaining the knowledge was, at the time, the managing agent of the corporation. Benton v. Bank, 122 Mo. 339; Johnson v. Shortridge, 93 Mo. 227; Bank v. Lovitt, 114 Mo. 519.
Defendant insists that the error was a harmless one, and that the judgment should not be reversed for the admission of improper testimony when the fact in issue is established by other evidence.
The rule invoked has application only in cases in which appellate courts weigh the evidence, or in law cases where there is no conflict in the evidence on the particular issue. In case of a conflict in the evidence, in actions at law, the issues of fact must be determined by the tryers of the facts upon all the evidence, and the appellate court will not say what weight may have been given any particular part of it, or that any portion of it was without weight. It may be true that the preponderance of the evidence appears to support the theory that the bank had knowledge that, in other trans *433 actions with.it, James H. Fromanwas merely a surety of his son, but there was certainly substantial evidence tending to prove the contrary.
The evidence showing that a director of the bank had knowledge of the relation of these parties, in such transactions, may have been of convincing force to the jury that he had imparted his knowledge to the bank, or they may have inferred,- which the instruction virtually authorized them to do, that his knowledge could be taken as the knowledge of the bank. We can not therefore say that the admission of the evidence was not prejudicial.- Reversed and remanded.
All concur.