FEDERAL DISCOUNT COMPANY, Respondent, v. JOHN P. BECKER, Appellant.

Kansas City Court of Appeals, May 31, 1909.

BILLS AND NOTES: Endorsement: Evidence. Certain bills of exchange were endorsed with a rubber stamp. *Held*, they were not admissible in evidence against the acceptor, until the endorsement was proven to have been made by some one authorized to do so.

Appeal from Chariton County Court.—*Hon. John P. Butler*, Judge.

REVERSED AND REMANDED.

*Crawley & Rucker* for appellant.

(1) Plaintiff introduced no evidence *aliunde* to prove endorsements—this is a fatal omission. Dunlap v. Kelly, 105 Mo. App. 1; Saville v. Huffstetter, 63 Mo. App. 273; Robinson v. Powers, 63 Mo. App. 290; Worrell v. Roberts, 58 Mo. App. 197; Bank v. Pennington, 42 Mo. App. 355. While the Negotiable Instrument Act of 1905 authorizes "printed" endorsements, we submit the endorsement on the bills of exchange in question would be defective even though they were written, for the reason they do not appear to have been made by any one having authority to endorse.

*J. C. Wallace,* for respondent, filed no briefs.

BROADDUS, P. J.—This is a suit to recover on four bills of exchange, as follows: Each bill was for the sum of $24 and as they were all alike as well as the endorsements on them a copy of one will be sufficient for the purposes of the case. They read thus:

"St. Louis, Mo., Sept. 7, 1907. No. 2.

"Six months after date, pay to the order of St. Louis Jewelry Company, the sum of Twenty-four & 16-100 Dollars ($24.16) at their office in St. Louis. Value received, charge to account of St. Louis Jewelry Company.

"By O. P. Blackstad, General Manager.

To Jno. P. Becker,

"Wien, Mo.

"Customer's Acceptance.

"Accepted J. P. Becker,

"Customer's Signature."

*Endorsements.*

"Pay to the order of Federal Discount Co.

"ST. LOUIS JEWELRY CO. Oct. 4, 1907."

"Pay to the order of any bank or attorney for collection.                    "FEDERAL DISCOUNT CO."

The answer of defendant denied that the St. Louis Jewelry Co. transferred the paper to plaintiff by endorsement or otherwise.

Plaintiff offered said bills and acceptance in evidence together with the endorsements on the back of the bills stamped thereon with a rubber stamp. The defendant objected to the endorsements for the reason that it was not proven to have been made by the drawee of the bills or by any person having the right or authority to make it for or in the name of said drawee. The objection was overruled. This was all the evidence in the case. The judgment was for the plaintiff. Defendant appealed.

The appeal is based upon the contention of the defendant that the endorsement on the note was not sufficient to prove ownership in the plaintiff. And such seems to be the law. [Worrell v. Roberts, 58 Mo. App. 197; Dunlap v. Kelly, 105 Mo. App. 1; National Bank v. Pennington, 42 Mo. App. 355.]

For the reason given, the cause is reversed and remanded. All concur.