WEBSTER NANCE, Respondent, .v. J. P. HAY-WARD and MRS. J. P. HAYWARD (Husband and Wife), Appellants.

**Kansas City Court of Appeals, November 2, 1914.**

1. **BILLS AND NOTES: Pleading: Indorsement.** The plaintiff, the holder of a negotiable promissory note indorsed in blank, sued to recover its value from the defendants, the makers. At the trial plaintiff introduced evidence as to the sale and delivery of note before maturity, but offered none concerning the indorsement. *Held*, that Sec. 10019, R. S. 1909, has no application to a case where the pleaded cause embraces a title by indorsement and not one resting upon the mere right to have an omitted indorsement supplied.

2. ———: **Evidence: Indorsement.** It is well settled that the holder of an unmatured negotiable promissory note is prima facie the owner thereof but to establish such prima facie case it devolves on the holder to prove the indorsement by evidence *aliunde* the indorsement.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

REVERSED.

*Gilbert Lamb* for appellant.

The note sued on and offered in evidence being payable to a person other than plaintiff and plaintiff having alleged in his petition that the original payee, John N. Taylor indorsed the note across the back thereof, the burden was upon plaintiff to prove the indorse-

ment of .Taylor to plaintiff by evidence *aliunde*. Having failed in this he failed to prove the allegations of his petition, failed to establish title to the note in himself and the demurrer should have been sustained. Reinhard et al. v. Coal Co., 25 Mo. App. 350; National Bank of Commerce v. Pennington, 42 Mo. App. 355; Mayer v. Old, 51 Mo. App. 216; Worrell v. Roberts, 58 Mo. App. 197; Hugumin & Co. v. Hinds et. al., 97 Mo. App. 346; Dunlap v. Kelly, 105 Mo. App. 1; Discount Co. v. Becker, 138 Mo. App. 54.

*Roy McKittrick* for respondent.

(1) Because the defendant failed to deny execution of the note under oath, it stood confessed. Smith Mid. P. Co. v. Rembaugh, 21 Mo. App. 390; McGill v. Wallace, 22 Mo. App. 683. (2) The following allegation in the petition that thereupon on the 25th day of July, 1913, the said John N. Taylor delivered the same to plaintiff, for value, and the said John N. Taylor indorsed the same in writing across the back thereof, is an allegation of a blank indorsement and not a special one, and made the instrument payable to bearer and negotiable by delivery. Sec. 10004, R. S. 1909. (3) The note indorsed in blank by the payee, John N. Taylor and delivered, for value, to the plaintiff, undoubtedly imparts title in the plaintiff. Hawes v. Mulholland, 78 Mo. App. 496; Barnard State Bank v. Fesler, 89 Mo. App. 225. (4) Even though the note had been transferred to this plaintiff without indorsement the transferee took such title as the transferrer had therein. Sec. 10019, R. S. 1909.

JOHNSON, J.—This is an action on a negotiable promissory note executed and delivered by defendants to John N. Taylor. The petition alleges that before maturity the payee delivered the note "to plaintiff for value received and the said John N. Taylor

indorsed the same in writing across the back thereof." The answer is merely a general denial. A jury was waived and at the trial plaintiff introduced evidence tending to show that before maturity the payee sold and delivered the note to plaintiff for value but offered no evidence to prove indorsement by the payee. The court overruled defendants' demurrer to the evidence and rendered judgment for plaintiff. Defendants appealed.

The answer confessed the execution of the note (Sec. 1985, R. S. 1909; Smith v. Rembaugh, 21 Mo. App. 390; McGill v. Wallace, 22 Mo. App. 683) but not its alleged indorsement by the payee to plaintiff, the holder, and the general denial was sufficient to. put in issue plaintiff's title and the genuineness of the pleaded indorsement. [Worrell v. Roberts, 58 Mo. App. 197, and cases cited.]

A blank indorsement was pleaded, since the name of the indorsee was not specified (Sec. 10004, R. S. 1909) and the rule is well settled that the holder of an unmatured negotiable promissory note indorsed in blank is prima facie the owner thereof (Cloud v. News Co., 23 Mo. App. 319; Bank v. Stanley, 46 Mo. App. 440; Hawes v. Mulholland, 78 Mo. App. l. c. 500; Allen v. Harris, 79 Mo. App. 490), but to establish such prima-facie case it devolves on the holder to prove the indorsement by evidence *aliunde* the indorsement. [Reinhard v. Coal Co., 25 Mo. App. 350; Bank v. Pennington, 42 Mo. App. 355; Mayer v. Old, 51 Mo. App. l. c. 216; Worrell v. Roberts, supra; Hugumin v. Hinds, 97 Mo. App. 346; Dunlap v. Kelly, 105 Mo. App. 1; Discount Cp. v. Becker, 138 Mo. App. 54.]

Plaintiff pleaded title in himself by indorsement and delivery and thereby assumed the burden of proving the existence of the constituent elements of such title (Dunlap v. Kelly, supra). He did not discharge his burden by merely proving that the payee had delivered possession of the note to him for value. While

it is true that the negotiable instruments act (Sec. 10019, R. S. 1909) provides that "where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferrer had therein, and the transferee acquires, in addition, . . . the right to have the indorsement of the transferrer if omitted by accident or mistake," that statute has no application to a case such as the present where the pleaded cause embraces a title by indorsement and not one resting upon the mere right to have an omitted indorsement supplied.

Plaintiff must recover, if at all, on the cause of action alleged in his petition (Dunlap v. Kelly, supra) and his attempt to recover under the provisions of the statute just discussed is a material departure from his petition and cannot be allowed. The learned trial judge erred in overruling the demurrer to the evidence.

The judgment is reversed. All concur.