# BANK OF BERNIE v. RAY and MAY BLADES.

Springfield Court of Appeals, January 29, 1923.

1. **BILLS AND NOTES: Indorsee Must Prove Genuineness of Indorsement.** Where an issue is raised as to the genuineness of an indorsement by denial thereof, it is necessary for plaintiff, suing on a note indorsed to him, to prove the validity of the indorsement through which he claims ownership and title to the note.

2. **BANKS AND BANKING: Evidence Held not Conclusive That Bank Cashier's Interest was Antagonistic to That of Bank.** As respects the bona fides of bank's purchase of note for which no consideration was received by the makers, evidence that the bank's cashier who purchased the note, was paid $70 as a gift by the sellers of the note after the purchase, was not conclusive that his interest in the matter of purchasing the note was antagonistic to that of the bank so as to render his knowledge of the facts as to consideration for the note not imputable to the bank.

3. **LICENSES: Police Power.** The power to prohibit foreign corporations from disposing of corporate or *quasi*-corporate securities within the State without first having obtained a license from a specified state official (R. S. 1919, sections 9790-9792, 9795) is a proper exercise of the police power,

Appeal from the Circuit Court of Stoddard County.—
*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*W. E. Edmonds* and *E. R. Lentz* for appellants.

(1) Indorsement and transfer of a note can be made only by the payee or his agent. It is wholly inoperative unless authorized. R. S. 1919, sec. 810; Banks v. Reed, 192 Mo. App. 344, 180 S. W. 1002, 1003; Scotland Co. Nat. Bank v. Hohn, 146 Mo. App. 699, 125 S. W. 1. c. 541. (2) The burden of proving the authority of Staggs to make this indorsement is on the plaintiff. Rector v. Mulford Co., 185 S. W. 256; Johnson v. Hurley, 115 Mo. 513, 22 S. W. 593; Dial v. Railway, 37 Mo. App. 454; Dunlop v. Kelley, 105 Mo. App. 1; Mayer v. Olds, 51 Mo. App. 214. (3) The title of the holder who negotiated this note was defective, consequently the burden was on plaintiff to prove that it acquired title in due course. R. S. 1919, secs. 841 and 845; Miller v. Bank, 193 Mo. App. 498, 186 S. W. 551; Jobes v. Wilson, 140 Mo. App. 292, 124 S. W. 551.

*J. L. Fort* for respondent.

FARRINGTON, J.—The plaintiff, a banking corporation, brought suit on a note for $3000, executed by defendants, payable to the order of the Oil Finance Corporation, indorsed as follows: "Oil Finance Corp. Without Recourse." "By H. C. Staggs." It is through this indorsement that plaintiff claims to own the note. The petition alleges that the plaintiff purchased the note in good faith, for a valuable consideration, $2850, before it was due, and without any notice of infirmity therein.

The answer alleges that the note was given on the solicitation of Staggs and Turner, two men representing themselves as being agents of the Oil Finance Cor-

poration. That defendants were to receive from the Oil Finance Corporation $3000 worth of stock in the Lackawana Oil Company, of Oklahoma City.

It is alleged that the Oil Finance Corporation was an Oklahoma corporation and had not procured a license to transact business in Missouri.

It is admitted by the cashier, Fonville, that after he had purchased this note for the bank Staggs and Turner made him a present of $70. He denies, however, knowing anything about what the note was given for or the character of the transaction out of which it grew until after the note was purchased and the $70 present handed him. The note was made on one of the bank's notes.

It is alleged in the answer that no stock was ever issued to defendants nor received by them; that Staggs and Turner procured the note by fraud, and that plaintiff had knowledge of such fraud through its managing officer when the note was purchased.

There was evidence tending to establish the allegations of the answer. After the evidence was in the trial court directed a verdict for plaintiff, and judgment for the full amount of the note together with interest was rendered.

The first point made by appellants is that the court erred in directing a verdict for plaintiff, because plaintiff had failed in a material and necessary matter of proof. We must uphold this contention, because the law is well settled in this State, and in many jurisdictions, that where an indorsee of a note alleges ownership of same and it is denied, the genuineness of the indorsement on the note must be proven, that is to say, where an issue is raised as to the genuineness of an indorsement by a denial thereof it is necessary for a plaintiff suing on a note indorsed to him to prove the validity of the indorsement through which such plaintiff claims ownership and title to the note. [See Wade v. Boone, 184 Mo. App. 88, 168 S. W. 360; Nance v. Hayward, 183 Mo. App. 217, 170 S. W. 429; Scotland County National Bank v. Hohn, 146

Mo. App. 699, 125 S. W. 539; Federal Discount Co. v. Becker, 138 Mo. App. 54, 119 S. W. 981.] See, also, notes in American Lawyers Reports Annotated, Vol. 11, 954, where a great many authorities on this question from different states are collated, including a number of Missouri cases.] Under these authorities, there being no evidence that Staggs had authority to make the indorsement, we must reverse this judgment.

It is practically admitted that no consideration whatever was received for this note, and from the transactions which went on between the cashier of the bank and the representatives of the Oil Finance Corporation a jury could readily infer that knowledge of the fraud which was perpetrated by Staggs and Turner was known to the cashier of the bank when he was acting for the bank in making the purchase. Cases cited by respondent, such as Kearney Bank v. Froman, 129 Mo. 427, 31 S. W. 769; Bank v. Bank, 244 Mo. 554, 149 S. W. 495; Penfield Investment Co. v. Bruce, 132 Mo. App. 1. c. 263, 111 S. W. 888, holding that knowledge of transactions procured by an officer of the corporation in the course of his private business and not in his official capacity, does not constitute the knowledge of the corporation and does not constitute notice to the corporation, are inapplicable to the facts as shown in this record. Here, the evidence tends to show that the knowledge of the fraudulent transactions of this character came to the cashier of the plaintiff bank while negotiating the purchase of this note for the bank. The evidence does not show that he acquired this information in some private transactions, and if he is to be believed, that the $70 was paid to him as a present after the whole transaction was over, neither was his interest in the matter of purchasing the note antagonistic to the interest of the bank. The evidence is subject to the inference, and the jury might find with substantial testimony to uphold a verdict, that knowledge of the fraudulent deal which Staggs and Turner were perpetrating on these defendants came to the cashier

while he was acting in the capacity of cashier for the plaintiff in purchasing this promissory note.

The defendants in their answer further rely upon defeating this obligation because the Oil Finance Corporation is an Oklahoma concern and had not procured a license to do business in this State, and rely upon sections 11919, 11923, 11924, and 11931, Revised Statutes 1919, commonly known as the "Blue Sky" law. The plaintiff's answer to this is that if these statutes would prevent the Oklahoma oil corporation from selling stock in the Lackawana Oil Company, then such section are unconstitutional. No Missouri cases have been cited by either party on the constitutionality of these statutes. The plaintiff cites cases holding that foreign corpora- tions may transact interstate commerce without com- plying with sections 9790, 9791, 9792 and 9795, Revised Statutes 1919. These cases are not cases arising under sections of the "Blue Sky" law. In this connection we may say that the Supreme Court of the United States, in the case of Hall v. Geiger-Jones Co. and Hall v. three other defendants, reported in 242 U. S. Reports, 539 to 568, 61 Law Ed. 480 to 493, holds, under an Ohio statute, which is very similar to the Missouri statute, that Congress, not having entered this field, has left the State free to impose such an indirect or incidental bur- den upon interstate commerce as may result from the provisions of such law, forbidding dealers from dis- posing or offering to dispose of corporate or *quasi*-cor- porate securities within the State without first having obtained a license from a specified State official. It is a proper exercise of the police power.

On account of the error concerning the proof of the indorsement, and on account of the error in refusing to submit the question of plaintiff's good faith to the jury, the judgment is reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.