## METROPOLITAN DISCOUNT COMPANY, Appellant, v. F. S. INDERMUEHLE, Respondent.*

### In the Springfield Court of Appeals, May 12, 1925.

1. **EVIDENCE: Written Instruments: Parol Testimony.** Where contract was in writing, permitting witness to testify what he remembered its provisions to be without a proper showing that it was lost or destroyed or could not be produced, was error.

2. **BILLS AND NOTES: Evidence: Holder in Due Course.** In action to recover upon trade acceptances or bills of exchange, testimony of defendant as to transactions between himself and plaintiff's transferor which gave rise to instruments sued on, would not be competent testimony unless there was some evidence showing that plaintiff was not a holder in due course, as defined in section 842, Revised Statutes of 1919.

3. ————: **Admission of Testimony as to Contract Held Unwarranted under Evidence.** In action on trade acceptances or bills of exchange by transferee thereof, evidence tending to show plaintiff was not holder in due course of such paper, *held* insufficient to warrant admission of evidence of contract between defendant and plaintiff's transferor.

4. ————: **Indorsements: Where Ownership of Indorsee is Denied, Genuineness of Indorsement Must be Proved.** Where an indorsee of a note or other negotiable instrument alleges ownership, and ownership is denied, the genuineness of the indorsement must be proved.

---

*Headnotes 1. Evidence, 22 C. J., Section 1226; 2. Bills and Notes, 8 C. J., Section 1005; 3. Bills and Notes, 8 C. J., Section 1358; 4. Bills and Notes, 8 C. J., Section 1247.

Appeal from the Circuit Court of Laclede County.—*Hon. W. E. Barton,* Judge.

REVERSED AND REMANDED.

*Sidney Thorne Able* of St. Louis, and *Phil M. Donnelly* of Lebanon, for appellant.

(1) Under the evidence plaintiff's instructions numbers 1, 2 and 3 should have been given. Mayes et al. v. Robinson, 93 Mo. 114; Banister v. Kenton, 46 Mo. App. 482; Banks v. Railroad, 172 Mo. App. 662; Reaves v. Latts, 143 Mo. App. 196; Bennett et al. v. Torline, 56 Mo. 309; Inv. Co. v. Fillingham, 85 Mo. App. 534; National Bank v. Skeen, 29 Mo. App, 115; Jennings v. Todd, 118 Mo. 296; Sec 843, R. S. 1919. (2) Plaintiff's instruction number 4 should have been given. Russell v. Wyant, 253 S. W. 790; Secs. 838 and 842, R. S. 1919; Bank of Hale v. Linneman, 235 S. W. 178; Downs v. Horton, 230 S. W. 103; Jennings v. Todd, 118 Mo. 296; Hunter v. Johnson, 119 Mo. App. 487. (3) Nothing short of actual knowledge on the part of plaintiff of the alleged contract and agreement between the National Novelty Import Company and the defendant, or knowledge of such facts as would indicate bad faith on plaintiff's part in purchasing said trade acceptances could defeat plaintiff's right to recover. Simpson v. Laningham, 183 S. W. 324; Keim v. Vette, 167 Mo. 389; Farmers Bank v. Stamper, 250 S. W. 959. (4) The evidence was insufficient to raise the question of fraud. Metropolitan Discount Co. v. Wasson, 235 S. W. 465; Johnson v. Grayson, 230 Mo. 380; Downs v. Horton, 230 S. W. 109. (5) Testimony of defendant as to the contents of a contract and letter, without proving their loss, and without notifying plaintiff to produce same was improper. Metropolitan Discount Co. v. Wasson, 235 S. W. 465. (6) Testimony of defendant with some unnamed and unknown salesman was improper and not binding on this plaintiff. American Trust Co. v. Moore, 248 S. W. 983. (7) Evidence of collateral agreements to a negotiable instrument, or evidence of the consideration

supporting such paper, are not admissible, unless the knowledge of such transactions are brought to the knowledge of the holder. Mayes et al. v. Robinson, 93 Mo. 114; Jennings v. Todd, 118 Mo. 296. (8) Proof of the transfer, including the endorsement which makes a valid title in the hands of the holder. American Union Trust Co. v. Never Break Range Co., 196 Mo. App. 206; First Nat'l Bank v. Stam, 186 Mo. App. 439; Nance v. Hayward, 183 Mo. App. 217. (9) Where the petition of the plaintiff and the uncontroverted evidence shows the plaintiff entitled to recover the appellate court should enter judgment in his favor. National Bank v. Skeen, 29 Mo. App. 115; Brown v. Home Savings Bank, 5 Mo. App. 1; Dowens v. Horton, 230 S. W. 103.

*Don O. Vernon*, of Lebanon, for respondent.

(1) The indorsement of a corporation must be in writing and there must be substantial testimony that such indorsement was made by the proper party and that he had the proper authority to make such an indorsement and the indorsement must be ratified by the officers of the corporation. American Union Trust Co. v. Never Break Range, 100 S. W. 1045. (2) We take the position that the indorsement on the instruments was not sufficient to prove ownership in the plaintiff. Federal Discount Co. v. Becker, 119 S. W. 981; Worrell v. Roberts, 58 Mo. App. 197; Dunlap v. Kelley, 105 Mo. App. 1. Also see Negotiable Instrument Law of Missouri. (3) There was no witness at the trial to identify said indorsement and when same was offered the respondent objected for the reason that such indorsements had not been identified and no authority given to the party that indorsed same and for that reason same was not proper evidence. The court sustained this objection and it is the opinion of the respondent that on that theory, if none other, that the court refused the instructions offered by the plaintiff. (4) The court refused instructions 1

to 3, inclusive, because each one asked the jury to find
that the trade acceptances were properly indorsed and
the testimony so offered by the appellant does not show
a sufficient indorsement and by the proper party. (5)
Had the proper indorsement been shown, then instruc-
tion No. 4 might have been given. The court erred in
not directing a verdict for the plaintiff. For the same
reason that he could not give the instructions he could
not direct a verdict. The court erred in not sustaining
plaintiff's motion to strike out part of the defendant's
answer. This answer may not be drawn as skillfully as
some other lawyer might have done, but we deem it
sufficient to raise an issue of fraud. There was no knowl-
edge on the part of the plaintiff of any fraud. On page
21 of the appellant's abstract is set out a letter received
by respondent from the National Novelty Import Com-
pany. (6) The testimony of the appellant states that
it purchased the trade acceptances on August 12, 1920.
We introduced this letter for the purpose of showing
that the statement of the National Novelty Import Co.,
made on the 18th day of January, 1922 (date of the letter)
wherein it acknowledges that there was a contract and
where it admits that under certain conditions it was to
take the jewelry off of the hands of the respondent. From
the tone of this letter and from the statements made
therein, we take the position that as late as January 18,
1922, this company still owned the trade acceptances, and
if so, they were not assigned before maturity. This letter
is dated almost two years after the purported assign-
ment.

BRADLEY, J.—Plaintiff filed its petition in three
counts to recover upon three trade acceptances or bills
of exchange. The cause was tried to a jury resulting
in a verdict and judgment for defendant. Failing to
get a new trial on motion plaintiff appealed.

The bills of exchange were drawn upon defendant
by the National Novelty Import Company, and plain-

tiff claims to have purchased said bills before maturity, for value and without notice, etc. The answer alleges the purchase by defendant from the National Novelty Import Company of a lot of jewelry and that company's breach of its contract, and states that the bills sued on were drawn and accepted in pursuance of that contract of purchase. The answer also specifically denies that the bills sued on were sold to plaintiff, and that it is a holder in due course.

Although the contract between defendant and the National Novelty Import Company was in writing defendant was permitted to relate what he remembered its provisions to be without a proper showing that the contract was lost or destroyed or could not be produced. Such was error. [Metropolitan Discount Company v. Wasson, 235 S. W. (Mo. App.) 465]. Under the issues raised by the answer defendant, if he made the proper showing, would be permitted to show the transaction between himself and the National Novelty Import Company. But before such evidence would be competent there would have to be some evidence tending to show that plaintiff is not a holder in due course. There is no evidence in the entire record, which tends in the least to show that defendant is not a holder in due course. The uncontradicted evidence is that defendant is such holder as holder in due course is defined in section 842, Revised Statutes 1919.

The bills sued on were drawn and accepted on July 13, 1920, and were for $59.60 each, and were due 7, 9 and 12 months respectively after date. Plaintiff's secretary and treasurer in his deposition testified that his company purchased the bills August 12, 1920. Defendant introduced in evidence a letter under date of January 18, 1922, from the National Novelty Import Company concerning the jewelry and the contract. This letter was in reply to a letter written said company by defendant. Defendant over objection and exception was permitted to detail the substance of the letter he wrote. Defend-

ant says that "from the tone" of the letter he received from the National Novelty Import Company it would appear that said company at that time had or owned the bills sued on. This letter is as follows:

"St. Louis, Missouri
Jan. 18th, 1922.

F. S. Indermuehle,
Morgan, Mo.
Dear Sir:

Replying to your favor of recent date; we would ask you to refer to your contract again and read same carefully; you will then see exactly what the agreement is. You will notice that the agreement is mutual. We agree that we will do certain things, provided you have complied with all the terms and conditions of the order.

Among other things, you agreed to furnish us for advertising purposes, a separate mailing list of 24 of your customers or prospective customers on the first of every other month for at least one year, and you further agreed to give one profit sharing certificate with each 25 cent purchase of goods sold in you store during the term of the contract. We consider the carrying out of this agreement on the part of our customers essential to the success of our plan and the sale of the assortment of goods to the trade. It appears from an examination of our records that you have not complied with your part of the contract, either in reference to sending us lists of customers or in using the profit sharing certificates

Under these circumstances you are not entitled to ask us to take off your hands the goods remaining unsold at the expiration of the contract, and it would not be fair to those of our customers who do carry out their contract according to its terms if we should make an exception in your case.

We call your attention to the fact that you have a very liberal exchange privilege under the terms of your contract which allows you to return any of the jewelry

which does not suit your trade and exchange it for any other jewelry in the line of different style or patterns. By doing this you can keep your stock in a new and saleable condition and will have no trouble in disposing of it. We shall be very glad to make any exchange for you, in accordance with this provision of your contract at any time.''

There is nothing in this letter that would indicate that the National Novelty Import Company was then holding or was the owner of the bills sued on. On the showing made all of the evidence of the contract between the National Novelty Import Company and defendant and its breach was incompetent. When defendant purchased the jewelry he signed five of these bills, or trade acceptances. He paid two of them he says before he discovered that he had made a bad bargain. Plaintiff's secretary and treasurer in effect testified that these payments were made to plaintiff. Defendant said that he did not know to whom he made these payments, whether to plaintiff or to the National Novelty Import Company.

After defendant had rested plaintiff offered in evidence the endorsements on the bills from the National Novelty Import Company to plaintiff. Objection was made on the ground that it was not shown that the endorsements were made by anyone having authority to endorse. This objection was sustained. This closed the case, and thereupon plaintiff asked 3 instructions, one on each count. These instructions submitted to the jury, among other things, the question as to the endorsements. These instructions were refused. It is not shown on what ground they were refused, but counsel for defendant states that the refusal was on the ground that proper endorsement had not been shown. A fourth instruction was also refused on the same theory. Where an endorsee of a note or other negotiable instrument alleges ownership and owner ship is denied the genuineness of the endorsement must be proved. [Bank of Bernie v. Blades, 247 S. W. (Mo. App.) 806.] In the Blades Case we cited

several authorities and it is not necessary to say more here. The point at bar on the endorsement is on all fours with the Blades Case.

Defendant may have been over persuaded by an industrious and persistent salesman. All his suspicions as to the relations between plaintiff and the National Novelty Import Company may be true, but the usual course and current of the law of negotiable instruments would be diverted, to the great detriment of business transactions, if plaintiff could lawfully defeat recovery in the cause at bar by a mere suspicion that plaintiff and the National Novelty Import Company were, in general, cheek by jowl, and bent on injury to the unwary. Unless there is some showing that plaintiff is not a holder in due course all evidence as to defendant's contract and relations with the National Novelty Import Company should be excluded. There is no such showing in the record before us.

Because of the admission of evidence concerning the contract and relations between defendant and the National Novelty Import Company the cause should be reversed and remanded and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.