H. J. HUBER ET AL., APPELLANTS, v. CHARLES PARADISE ET UX., RESPONENTS.—101 S. W. (2d) 748.

Kansas City Court of Appeals. February 1, 1937.

*York & York* for appellants.

L. F. ·Cottey and *Allen Rolston* for respondents.

REYNOLDS, J.—This is an action on a promissory note, originating in the Circuit Court of Schuyler County  From a judgment in favor of the defendants, the plaintiffs appeal.

The appeal is brought to this court by a certificate of the judgment rendered and of the order granting the appeal.

The defendants object to the plaintiffs' abstract of the record and have filed a motion to dismiss the plaintiffs' appeal, alleging that plaintiffs, in making the abstract of record filed by them herein, have violated the provisions of Rules 15 and 26 of this court in the following particulars:

"First, because appellant's Abstract of the Record does not show any order of the trial court granting an appeal in said clause, and does not show any record that an appeal was taken.

"Second, because such Abstract of the Record does not show that an affidavit for appeal was ever filed, or that it was filed in term time.

"Third, because such Abstract of the Record does not show that any Bill of Exceptions was ever filed, or any record thereof ever made and does not show that any Bill of Exceptions was ever signed by the trial judge.

"Fourth, because such Abstract of the Record does not show that there is any record of the trial court showing that appellant's Motion for New Trial was ever overruled.

"Fifth, because such Abstract of the Record does not include a concise statement of the judgment and the date of its rendition.

"Sixth, because the Abstract of the Record does not show at what term of the court the Motion for New Trial was overruled.

"Seventh, because the purported Bill of Exceptions is not identified, and contains matters which, if true, should appear in the record proper and which do not appear in the Abstract of the Record proper."

A copy of this motion was duly served on plaintiffs within the time required by the rules of this court.

In response to such motion, the plaintiffs filed with the clerk of this court within the time allowed them so to do by the rules of this court a certified copy of certain original entries appearing in the

records of the Circuit Court of Schuyler County, together with the certificate of the clerk of such court that such copy was a true copy of such original entries, for the purpose of correcting their abstract of the record in the particulars mentioned and objected to in defendants' motion and for the purpose of obviating such objections, which entries so certified and filed are as follows:

"(a)

"H. J. Huber, H. R. Cramer, H. W. Winterink, as Trustees for the depositors trust fund of the Citizens National Bank of Charles City, Iowa, plaintiffs, v. Charles W. Paradise and Mrs. Charles W. Paradise, defendants.

"Now on this 29th day of May, 1936, this cause having heretofore been submitted to the court, comes on for final determination and judgment, and the court being duly advised in the premises and having heard the evidence and argument in support thereof, and having seen and read respective briefs of the parties hereto, doth find all the issues for the defendants.

"(b)

"(Caption omitted)

"Now on this June 2, 1936, comes the plaintiffs in the above entitled cause, by their attorneys, and while the Circuit Court of Schuyler County, Missouri, is in recess, and file their motion for a new trial herein, the same being filed within four days after the judgment rendered in the above cause, and at the same term thereof.

"(c)

"(Caption omitted)

"June 13th, 1936, the same being the 14th day of the regular May term, 1936, of the Schuyler County Circuit Court the motion for a new trial heretofore filed in the above entitled cause, is this day taken up by the court, and by the court, overruled.

"(d)

"(Caption omitted)

"Now on this 20th day of June, 1936, the same being the 15th day of the regular May term, 1936, of the Schuyler County Circuit Court, come the parties by their respective attorneys, and the plaintiffs deposit with the clerk of this court the docket fee of ten dollars, provided by law in cases of appeal and by leave of court file the affidavit of plaintiffs herein and pray for an appeal herein, which affidavit the court finds to be in due form, on consideration of which, it is by the court here ordered that said appeal be and the same is hereby allowed the said plaintiffs to the Kansas City Court of Appeals in the State of Missouri.

"(e)

"(Caption omitted)

"Now on this 27th day of July, 1936, comes the plaintiffs herein by their attorneys before the clerk of the Circuit Court in Vaca-

tion, and present their Bill of Exceptions herein, duly allowed, signed and sealed by the Judge of said court:

"Whereupon, said Bill of Exceptions is hereby filed by the said clerk of the said court, and made a part of the record of said cause."

CERTIFICATE

"State of Missouri
"County of Schuyler.        ss

"I, S. N. West, Clerk of the Circuit Court, within and for the County of Schuyler and State aforesaid, hereby certify that the foregoing are true copies of the record entries in the cause of H. J. Huber, H. R. Cramer, H. W. Winterink, as Trustees for the depositors trust fund of the Citizens National Bank of Charles City, Iowa, plaintiffs versus Charles W. Paradise and Mrs. Charles W. Paradise, defendants, as the same appear on pages 89, 94, 96 and 102, respectively, Book 23, of the Circuit Court Records of Schuyler County, Missouri.

' Witness my hand and the Seal of said Court, hereto affixed in th ' City of Lancaster, Missouri, this 23rd day of November, 1936.

                    "(Signed)        S. N. West
                    "Clerk of the Circuit Court, Schuy-
                    ler County, Missouri.
                    "By Lena Stacey, Deputy Clerk."

Without entering into any discussion of the matter inasmuch as we find no necessity therefor, we merely state that, in our opinion, the original abstract as amended or revised by such response supplies a sufficient abstract of the record, which meets all of the defendant's objections under our rules as they have from time to time been amended and at present exist, regardless of former holdings under our rules as they formerly existed.

The motion to dismiss is overruled.

This suit was instituted in the names of H. J. Huber, H. R. Cramer, and H. W. Winterink, trustees for the depositors' trust fund of the Citizens National Bank of Charles City, Iowa, in their representative capacity as trustees, as plaintiffs, against defendants, Charles W. Paradise and Mrs. Charles W. Paradise, the makers of the note sued on. The note is made payable, as executed, to the Citizens' National Bank of Charles City, Iowa. It is for the sum of $165, bears date of December 16, 1931, and is payable on demand. The plaintiffs sued as endorsees and owners under a purported assignment appearing on the back of said note, made to them by Horace B. Olds as president of the said bank. The amended petition sets forth that the plaintiffs are the duly authorized and appointed trustees for the depositors' trust fund of the Citizens National Bank of Charles City, Iowa, and that they bring this action in their capacity of trustees. They declare on said note as endorsees

and owners. The original note is marked Exhibit A and was filed with the petition.

The defendants in their answer deny each and every allegation of the plaintiffs' amended petition and, for further answer, set up that the note sued on was and is wholly without consideration and was never delivered to the payee named therein or to any one for it and deny that either of them ever executed the note and that said note was ever endorsed or delivered to plaintiffs for value and that they were the owners of such note. This answer was duly verified by both of the defendants.

Upon the trial, the defendants, through their attorney, admitted that the signatures of the defendants to the notes were genuine. There is evidence tending to show that the plaintiffs presented the note to the defendants for payment; that, when it was presented to the defendant Charles Paradise, he said that it was impossible to pay it, that the note had been executed to the bank, and that he reckoned that they owed it but he did not think that they ought to pay it; that the defendant Mrs. Paradise thereafter called upon the plaintiffs' attorney and, in answer to his question whether or not the note had been delivered to the bank by her and her husband, replied that it had; that she was asked if the defendants owed it and replied, "I suppose we owe it and I don't think in court we have a leg to stand on but I don't think we ought to pay it;" and that, at the time of the conversation with each of the defendants, the plaintiffs' attorney exhibited to them the note sued on.

The note was introduced in evidence. It bears the following endorsement on the back thereof:

"Pay to the order of H. J. Huber, H. R. Cramer, H. W. Winterick, as trustees of the depositors trust fund of the Citizens National Bank of Charles City, Iowa, without recourse.

"Citizens National Bank,
"By Horace B. Olds, President."

For the purpose of showing the assignment of the note in question by the payee named therein to the plaintiffs, the following affidavit of Horace B. Olds, the alleged president of the payee bank, was relied on and introduced in evidence by the plaintiffs:

"Horace B. Olds, first being duly sworn on his oath, deposes and says that at all times hereinafter mentioned he was president of The Citizens National Bank of Charles City, Iowa; that a certain promissory note dated December 16th, 1931, in the sum of $165.00, payable on demand at said Citizens National Bank, signed by Charles Paradise and Mrs. Charles W. Paradise, same being the only note in like amount given to said bank by said parties on said date, was by said Citizens National Bank assigned to H. J. Huber, H. R. Cramer and H. W. Winterink as trustees of the Depositors Trust Fund of The Citizens National Bank of Charles City, Iowa, with-

out recourse, for value, before maturity, and that the assignment on the back of said note to the said H. J. Huber et al., as trustees aforesaid, is the indorsement and signature of said Citizens National Bank, by affiant, as president of said bank while such president, and was made before maturity of said note, for value.

"(Signed)     Horace B. Olds."

The plaintiffs thereupon rested their case.

The cause was submitted to the court by the defendants without any evidence in their own behalf.

The court found the issues for the defendants and rendered judgment in their favor against the plaintiffs. From such judgment, the plaintiffs prosecute this appeal.

The plaintiffs make four assignments of error. The first three raise a question as to the sufficiency for that purpose of the affidavit purporting to establish the assignment of the note to the plaintiffs. The fourth is to the effect that the court erred in overruling the plaintiff's motion for new trial. The plaintiffs' fourth assignment of error is indefinite and presents nothing for review on this appeal. It does not state wherein the court erred or for what reason it erred in failing to sustain plaintiffs' motion for new trial.

Section 1693, Revised Statutes of 1929, is as follows:

"Whenever it becomes necessary in any suit to prove an assignment of or an indorsement on any bond, bill or note, an affidavit of a competent witness, proving the same, shall be received as *prima facie* evidence of the facts stated in such affidavit."

The defendants attack the affidavit of Olds introduced in evidence for the purpose of showing the assignment of the note by the payee bank of which he was president to the plaintiffs in this case and urge that the statute is not broad enough to permit an affidavit for the purpose of proving Olds' official capacity as such president. It is urged that an affidavit cannot be made proof of any fact to which the affiant could not testify or for the purpose of establishing which he would not be a competent witness; that Olds was not a competent witness to make proof of the fact that he was president of the payee bank because the best evidence of such fact would be the official records of the bank; and that, such being true, his affidavit could not be accepted to prove such fact.

The objection of the defendants seems to be well made. The affidavit of Olds, in evidence, established only the naked endorsement appearing on the back of the note. That Olds was president of the bank for which he purported to act in making the endorsement and that, as such, he had authority to make such endorsement are not matters for which his affidavit, under the statute, is competent to make proof for the reason, if no other, that he himself was not a competent witness to make such proof. The official capacity of Olds as president of the bank was a matter of official record, and such

record was the best and only competent proof thereof. [New Albany Woolen Mills v. Myers & Co., 43 Mo. App. 124; Ferry v. Woody, 210 Mo. App. 98, 241 S. W. 78; Newton County Bank v. Holdeman (Mo. App.), 9 S. W. (2d) 852.]

The plaintiffs insist that the case of New Albany Woolen Mills v. Myers & Co., supra, is authority for their contention that the Olds affidavit was competent to prove his official character as president of the payee bank. However, it is not, but is authority to the contrary.

In the New Albany Woolen Mills Case, the suit was on a note which bore the endorsement of the payee therein by one Croxal as its treasurer; and Croxal's affidavit that such endorsement was the endorsement of the assignor by him as treasurer and that the same was made before the maturity of the note and for value was introduced in evidence and relied on by the plaintiff therein to establish such endorsement, including the fact that it was made before the maturity of the note on which it appeared and for value. The defendants therein objected to the affidavit on the ground that, under the statute, it was competent to prove only the fact of the endorsement or assignment of the note and was incompetent to prove that the note had been purchased by the plaintiff therein before maturity and for value. The court in that case took defendants' view of the statute and held that the affidavit established *prima facie* the naked endorsement. There was no question raised in that case by the defendants to the effect that the affidavit was incompetent to establish the official character of the affiant as treasurer of the assignor. The only objection was as above stated. If, as held by the court, such affidavit established *prima facie* the naked endorsement without more, it is obvious that it was insufficient to establish the official character of the affiant who made such endorsement as treasurer and his authority for making such endorsement.

Under the issues in this case, the plaintiffs were required in order to recover to show by legal and competent evidence that they were the endorsees and owners of the note sued on; and, it appearing that they have not so done, this cause must be determined against them for that reason.

They sue as endorsees and as owners by virtue of an endorsement to them. Their cause of action is based on their alleged ownership under an alleged endorsement or assignment to them. It is axiomatic that, upon the cause of action thus pleaded, they must recover or not at all. It was necessary for them, in order to establish the endorsement on the back of the note under which they claim, to have shown by legal and competent evidence the official character of Olds as president of the payee bank, who purported to act as its president in making the endorsement in question. The affidavit of Olds, as hereinbefore held, is not competent to establish such fact. No other evidence was offered by plaintiffs to establish such fact.

In thus failing to offer any legal and competent evidence to establish the endorsement or assignment of the note sued on to them by the payee thereof and of their ownership thereof by virtue of such endorsement or assignment, they have failed to make a case authorizing the introduction of the note in evidence and have failed to make a submissible case. The trial court did not err in so holding.

. The plaintiffs cite numerous authorities to the effect that a promissory note imports a consideration and that, when sued on, its introduction in evidence makes a *prima facie* case which can be overturned only by the defendants' showing that it is without consideration.

They likewise cite numerous authorities to the effect that the defense of no consideration for the transfer, assignment, or endorsement of a note is not available to the maker thereof when sued by the transferee, assignee, or endorsee.

They likewise cite authorities to the effect that it is no concern of the maker of a note, when sued thereon by a transferee thereof, that the transfer was irregular or unauthorized and that such maker cannot take advantage of such matters.

It becomes unnecessary to enter upon a discussion of or a consideration of such authorities or the points in support of which they are cited or to consider other points raised in the briefs of the respective parties in view of the fact that what is said above, with reference to the plaintiffs' failure to establish the endorsement or the assignment to them of the note sued upon and their ownership thereof by virtue of such endorsement or assignment and their failure to make a case for submission, necessarily determines this cause and this appeal in favor of the defendants and against the plaintiffs. It is so held.

The judgment of the trial court is affirmed. All concur.