**FITZGIBBON DISCOUNT CORPORATION, a Corporation (Plaintiff), Respondent,**

**v.**

**Otto WINDISCH (Defendant), Appellant.**

**No. 28937.**

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1954.

J. Grant Frye, Cape Girardeau, for appellant.

Morris A. Shenker, William P. Byrne, St. Louis, for respondent.

LAWRENCE HOLMAN, Special Judge.

This is an action wherein plaintiff (respondent) seeks to recover damages resulting from the alleged conversion of an automobile by the defendant (appellant). A jury returned a verdict for plaintiff in the sum of $300. From the ensuing judgment the defendant has duly perfected his appeal and the cause is now before this court for our review.

It appears from the evidence that on September 6, 1952, one James R. Pierce, a resident of St. Louis, Mo., purchased a 1947 Model Chevrolet Sedan from The House of Bargains, Inc., of St. Louis, Mo. As a part of the transaction he executed a note for $911.25 payable to The House of Bargains, Inc., and secured by a chattel mortgage describing the car purchased. Immediately thereafter the note was sold to the plaintiff who caused the chattel mortgage to be filed with the Recorder of Deeds of the City of St. Louis on the 15th day of September, 1952.

Shortly after the purchase of the automobile Pierce moved to Cape Girardeau, Missouri. Thereafter his wife instituted a divorce suit and obtained a judgment for the usual allowances. In an effort to collect this judgment she caused an execution to issue and the sheriff levied upon and sold the vehicle in question. The sale was held on January 6, 1953. The defendant purchased the automobile at the execution sale for $175. He testified that after the sale he determined that the car was not worth repairing and he therefore dismantled it selling a few usable parts and the remainder as junk. It was defendant's estimate that he received about $100 for the car when sold in this manner.

Plaintiff alleged in its petition that in the course of its business it purchased the note and chattel mortgage in question and that the said instruments were assigned to plaintiff for value and before maturity. The answer denied all of the allegations in the petition.

Defendant contends that the verdict cannot stand because there was no evidence that the note had been assigned to the plaintiff by the payee. The note had a written assignment thereon which was signed, "The House of Bargains, Inc., by Edward J. Kennedy." No evidence was offered to prove the signature of Edward J. Kennedy or his connection, if any, with The House of Bargains.

It is elementary that plaintiff cannot recover for the conversion of this car unless it establishes its ownership of the note. The only evidence offered to prove ownership was that the plaintiff had purchased the note and had possession of

the same. Perhaps we should, at this time, point out that this note was payable to order as distinguished from bearer.

■ A promissory note, though payable to order, may be transferred, for value, by delivery without indorsement. Such a transfer will pass such title as the payee had but will not make the transferee a holder in due course. Section 401.049 RSMo 1949, V.A.M.S.; Credit Alliance Corporation v. Bryan, Mo.App., 27 S.W.2d 441; Butler v. Kopplin, Mo.App., 253 S.W. 2d 514. It is equally clear, however, that where a plaintiff alleges title by indorsement or assignment and this is denied by the answer it becomes necessary for plaintiff to prove this fact by evidence aliunde the indorsement or assignment itself. In other words, in such a situation, the fact of the assignment becomes a contested issue in the case and the plaintiff must recover upon the cause of action as thus pleaded or not at all. Nance v. Hayward, 183 Mo.App. 217, 170 S.W. 429; Manheimer v. Le Roy, Mo.App., 28 S.W.2d 379; Huber v. Paradise, 231 Mo.App. 521, 101 S.W.2d 748; Hall v. Eime, Mo.App., 81 S.W.2d 347; Bank of Bernie v. Blades, 215 Mo.App. 459, 247 S.W. 806. An examination of the authorities just cited will show that the plaintiff herein, in order to have made a submissible case, should have presented evidence tending to prove the signature of Kennedy and his authority to make the assignment on behalf of the corporate payee named in the note.

■ Since we have held that there was no proof of the assignment of the note and chattel mortgage to the plaintiff, it would seem appropriate that we also point out that it was error to admit these instruments in evidence over the specific objection of the defendant that the assignment had not been proved. It also necessarily follows that plaintiff's instruction number one was erroneous because it directed a verdict for plaintiff without requiring the jury to find that the note had been so assigned, as such was an essential element of plaintiff's case. Bastas v. McCurdy, Mo.App., 266 S.W.2d 49.

■ Defendant makes the further assertion that he is not guilty of conversion because he had no actual knowledge of plaintiff's mortgage and his act in taking possession of the car was not tortious. We find no merit in this contention. The evidence indicates that the chattel mortgage was filed with the Recorder of Deeds in the City of St. Louis, where Pierce then resided. This was notice to defendant and to all the world that plaintiff had a lien upon this automobile. Section 443.460, RSMo 1949, V.A.M.S.; C. I. T. Corporation v. Hume, Mo.App., 48 S.W.2d 154. It was not necessary to prove that the conduct of the defendant was intentionally wrongful since no claim was made for punitive damages. Loeffel v. Pohlman, 47 Mo.App. 574. The conversion was complete when defendant dismantled the car and sold the various parts obtained by this process thus causing plaintiff to lose its security. Bank of Willard v. Young, Mo.App., 41 S.W.2d 195.

It would seem expedient at this point to consider the contention of defendant that plaintiff's instruction number four was erroneous. We note that in this instruction the jury was directed to assess damages as of the date defendant took possession of the automobile. This was not technically correct. The acts of defendant in purchasing and taking possession of the car did not constitute a conversion of same. We think that the conversion was accomplished by the process of dismantling which resulted in the complete destruction of the automobile as such. 65 C.J., Trover and Conversion, Section 49, page 37.

■ Witness R. J. Altenthal, an employee of the Commercial Credit Corporation, was permitted to testify that according to the National Automobile Dealers Association directory a 1947 Chevrolet Aero Sedan had an average retail price in Cape Girardeau in January, 1953, of $850. Defendant now contends that this was based upon hearsay and constituted no legal evidence of value. It appears from an examination of the transcript that this ground was not assigned in the objection to this testimony and defendant did not

move to strike the answer when it appeared that the witness was basing his opinion of value upon the N.A.D.A. book. The point is therefore not before us for review. Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535. However, since the evidence may be reoffered upon another trial perhaps we should mention that there is authority for the admission in evidence of handbooks of this nature, as an exception to the hearsay rule, provided there is a preliminary showing that such publications have been prepared for the use of the trade or profession and are generally used and accepted by the trade as being trustworthy for the purpose intended. Baker v. Atkins, Mo.App., 258 S.W.2d 16; Whitcomb v. Automobile Ins. Co. of Hartford, 167 Minn. 362, 209 N.W. 27. These cases point out, however, that the book itself should be offered and not oral testimony of its contents.

Complaint is also made by the defendant of the refusal of the court to give an instruction offered by him which provided that, "If you find that defendant at no time refused to allow plaintiff to have the car or any part thereof, then your verdict must be for defendant." The action of the court was clearly correct. The evidence indicates that by the time plaintiff traced the car into the possession of defendant it had already been dismantled and sold. Under these circumstances a demand and refusal was not necessary in order to make out a case of conversion. The conversion had already occurred. Sigmund v. Lowes, Mo.App., 236 S.W.2d 14.

At the request of the plaintiff the court gave instruction number two which told the jury that the recording of a chattel mortgage in the office of the Recorder of Deeds in the county or city in which the mortgagor resided is constructive notice to the whole world of the interest of the mortgagee and was notice to the defendant. Defendant argues that this instruction was misleading and prejudicial. We think it sufficient to say that the giving of instructions containing an abstract statement of law without hypothesizing facts

has frequently been held improper. Phillips v. Prugh, Mo.App., 255 S.W.2d 84. Upon a retrial of this cause we suggest that the instruction not be given.

The judgment is reversed and the cause remanded for a new trial.

RUDDY, Acting P. J., and BENNICK, J., concur.