**JOHN DEERE COMPANY OF ST. LOUIS,**
**a corporation, Plaintiff-Appellant,**

v.

**O. L. DAVIS, Defendant-Respondent.**

No. 7816.

Springfield Court of Appeals.

Missouri.

May 16, 1960.

Powell & Jones, Dexter, for plaintiff-appellant.

Henson & Henson, Poplar Bluff, for defendant-respondent.

STONE, Presiding Judge.

The petition of plaintiff, John Deere Company of St. Louis, a corporation, was in two counts. In the first count, plaintiff sought judgment on a negotiable promissory note (hereinafter referred to as the note) dated January 1, 1957, in the principal sum of $561.55 payable (in two installments, to-wit, $269.25 on November 1, 1957, and $292.30 on November 1, 1958, with interest from maturity at seven per cent per annum) to the order of Missco Implement Company, a corporation, and by Missco indorsed without recourse and sold to plaintiff "for the full amount of the note" prior to maturity of the first installment. In the second count, plaintiff sought to replevy, under a chattel mortgage of even date securing the note, certain used farm machinery (i. e., a tractor, a 2-row cultivator, a 2-row planter with attachments, a plow, and a spring tooth harrow) sold by Missco to defendant for $861.55, of which defendant paid $300 in cash with the bal-

ance of $561.55 evidenced by the note. Defendant's answer was an unverified general denial. The jury returned a ten-juror verdict for plaintiff on the second count, finding (upon a verdict-directing instruction embodying all of the elements essential to a verdict for plaintiff on the first count also) that plaintiff was entitled to possession of the above-described farm machinery; but, on the first count, the same ten jurors under the same verdict-directing instruction inexplicably found for defendant, a verdict inconsistent with and contradictory of the verdict for plaintiff on the second count. Dugan v. Trout, Mo.App., 271 S.W.2d 593, 600(14). Apparently content with this anomalous result, defendant made no after-trial complaint concerning the judgment for plaintiff on the second count for possession of the mortgaged machinery. But plaintiff, who had moved unsuccessfully for a directed verdict at the close of all the evidence, filed its after-trial motion for judgment on the first count and, in the alternative, for a new trial [V.A.M.S. 510.290]; and, following the overruling of that after-trial motion, plaintiff has perfected this appeal, still insisting that it was and is entitled to a directed judgment on the note. Indulging a practice neither helpful nor commendable [Mannon v. Frick, 365 Mo. 1203, 1205, 295 S.W.2d 158, 161; State v. Bern, Mo.App., 322 S.W.2d 175, 176], defendant-respondent has filed no brief here.

 Upon trial, defendant readily admitted execution and delivery of the note, frankly conceded the consideration therefor, and quickly agreed that no payment had been made thereon. The only semblance of an excuse for non-payment was contained in defendant's offer of proof concerning an alleged conversation with an unidentified "collector" for plaintiff "about a year" after execution of the note, and *thus after the first of the two installments was past due and unpaid.* Following testimony that "I (defendant) told him (plaintiff's collector) about the only way he would collect for that now is just to take the *tractor*" (which

the collector declined to do), the offer of proof was that, if permitted to do so, defendant also would show an "agreement * that a tire which was ruined on the tractor, punctured, would be replaced, and that payment would be resumed upon the replacement of this tire." In urging reception of this evidence, defendant's counsel first said that "we think we are entitled to show why he (defendant) is in default" but later added "we deny that the payment is in default," although, as we have noted, the first installment on the note was past due and unpaid at the time of defendant's conversation with plaintiff's collector. The proffered evidence apparently was intended to show an extension of time for payment which, of course, would have been an *affirmative* defense *(if a defense at all),* i. e., a defense resting on a fact or facts not necessary to support plaintiff's suit on the note. Garrison v. Campbell "66" Express, Mo.App., 297 S.W.2d 22, 30, and cases there cited in footnote 13. Such evidence was inadmissible under defendant's general denial and the offer of proof properly was refused. V.A.M.S. 509.090; Cahn v. Miller, Mo.App., 106 S.W.2d 495, 497; George T. Smith Middlings Purifier Co. v. Rembaugh, 21 Mo.App. 390, 393(2). See also South Side Bank of Kansas City v. Ozias, Mo.App., 155 S.W.2d 519, 527(19).

 In these circumstances, our review would become "a short horse * soone currid" [Heywood's Proverbes, Chap. X] and we would declare immediately plaintiff's right to a directed verdict, *if* this were a suit by Missco Implement Company, the payee in the note. Latta v. Robinson Erection Co., 363 Mo. 47, 248 S.W.2d 569, 577–578(4); Arthur Fels Bond & Mortgage Co. v. Pollock, 347 Mo. 853, 149 S.W.2d 356, 360(7); Rubinic v. Sabados, Mo.App., 264 S.W.2d 935, 936(1); Allison v. Tucker, Mo.App., 170 S.W.2d 963, 964 (4). But, instant plaintiff sued as an indorsee, asserting that it was a holder in due course [V.A.M.S. 401.052], and defendant's general denial put in issue plaintiff's

title and the genuineness of the indorsement. Pearce v. Hindman, Mo.App., 217 S.W.2d 592, 594; Nance v. Hayward, 183 Mo.App. 217, 170 S.W. 429(1); Worrell v. Roberts, 58 Mo.App. 197, 198. So, to make a submissible case, plaintiff was required to present substantial evidence, aliunde the note, tending to establish those essential elements. Fitzgibbon Discount Corp. v. Windisch, Mo.App., 271 S.W.2d 226, 229 (3); Neidert v. Terrill, Mo.App., 215 S.W. 2d 745, 750(3); Hall v. Eime, Mo.App., 81 S.W.2d 347, 348(1); Metropolitan Discount Co. v. Indermuehle, 217 Mo.App. 326, 272 S.W. 1037, 1038(4); Bank of Bernie v. Blades, 215 Mo.App. 459, 247 S.W. 806, 807(1). And, although plaintiff adduced such evidence and it remained uncontradicted, the case still would have been for determination by the jury [State ex rel. Strohfeld v. Cox, 325 Mo. 901, 30 S.W.2d 462, 465(6); State ex rel. and to use of Hickory County v. Davis, Mo., 302 S.W.2d 892, 896(3)], *if there had been any live issue as to plaintiff's title or the genuineness of the indorsement.* Furth v. Cafferata, Mo.App., 240 S.W. 476, 477.

■ However, we think it crystal clear from the transcript before us that there was no such issue in the case and that, in effect, defendant recognized and conceded plaintiff's title and the genuineness of the indorsement. Such was the unmistakable cumulative import (a) of the cross-examination of plaintiff's witnesses, whose testimony on direct examination, plainly establishing plaintiff's status as a holder in due course, was in no wise contradicted or challenged [compare Furth v. Cafferata, supra, 240 S.W. loc. cit. 477, and Mallory Motor Co. v. Overall, Mo.App., 279 S.W.2d 532, 535(7)], (b) of the failure of defendant's counsel, when the note was offered in evidence, to interpose any objection directed to plaintiff's title or the genuineness of the indorsement or the sufficiency of plaintiff's proof with respect thereto [compare Little v. Remley, Mo.App., 101 S.W.2d 505, 507(4), and Williams v. Schmeltz, 223 Mo. App. 477, 14 S.W.2d 966, 967(2)—contrast Wade v. Boone, 184 Mo.App. 88, 95, 168 S.W. 360, 361], (c) of defendant's testimony that he offered to deliver the mortgaged tractor to plaintiff's collector, and (d) of the argument of defendant's counsel not only emphasizing such alleged offer but also including the unequivocal statements that plaintiff "ended up buying this note" and "they just bought this note." In this state of the record, we are satisfied beyond doubt that neither plaintiff's title to the note nor the genuineness of its indorsement was in issue, and that, with execution, delivery and non-payment of the note admitted, plaintiff was and is entitled to a directed verdict on the first count of its petition. Furth v. Cafferata, supra; Mallory Motor Co. v. Overall, supra; Cox v. Higdon, Mo. App., 67 S.W.2d 547, 549(4); Aetna Inv. Corp. v. Chandler Landscape & Floral Co., 227 Mo.App. 17, 20, 22, 50 S.W.2d 195, 197, 198. See also Local Finance Co. v. Charlton, Mo.App., 289 S.W.2d 157, 162, and cases there collected; Farmers' State Bank v. Barnes, Mo.App., 276 S.W. 93, 94.

■ In such suits on written instruments where no valid defense is shown and there is no controversy concerning the amount due, it becomes proper and appropriate for the court to direct a verdict for the entire sum due plaintiff, including interest at the rate specified in the instrument [Home Trust Co. v. Josephson, 339 Mo. 170, 95 S.W.2d 1148, 1156(13), 105 A.L.R. 1063] and an attorney's fee if fixed in amount or percentage. Wright v. Dodson, Mo.App., 147 S.W.2d 180, 182(4, 5); State ex rel. Witte Hardware Co. v. McElhinney, 231 Mo.App. 860, 100 S.W.2d 36. Our appellate duty is to set aside the judgment nisi and either enter judgment here or remand the cause with directions to the trial court to enter such judgment. Central States Life Ins. Co. v. Bloom, 345 Mo. 982, 137 S.W.2d 517, 519(5); Knisely v. Leathe, Mo., 178 S.W. 453, 461.

Following the latter course, the judgment nisi on the first count is set aside and the cause is remanded with directions to enter

judgment for plaintiff as of May 20, 1959, in accordance with plaintiff's motion for directed verdict on that date [V.A.M.S. 510.290; Wheeler v. Cantwell, Mo.App., 140 S.W.2d 744, 750], (1) for the principal sum of $561.55, (2) for interest on each installment at the specified rate of seven per cent per annum from maturity to May 20, 1959, which we compute as in the aggregate sum of $40.68, and (3) for an attorney's fee fixed by the note as an additional ten per cent of the amount due, to-wit, ten per cent of $602.23, or $60.22.

McDOWELL and RUARK, JJ., concur.